PER CURIAM.
In order to provide orderly procedures to govern the process of considering public records requests in the context of capital post-conviction proceedings, the Court on its own motion has determined to promulgate a new Rule of Criminal Procedure, to be numbered rule 8.852. The proposed rule is set forth in the attached appendix.
We direct that proposed rule 3.852 be published in the next issue of The Florida Bar News. Interested persons may submit comments on the proposed rule within thirty days of the date of publication.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 3.852. CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION
(a) Applicability. This rule is applicable to all requests for production of public records to which chapter 119, Florida Statutes (1995), applies and which are on behalf of named capital postconviction defendants relating to proceedings for relief pursuant to Florida Rules of Criminal Procedure 3.850 and 3.851.
(b) Definitions.
(1)“Public records” and “agency” have the meaning set forth in chapter 119, Florida Statutes.
(2) Capital postconviction defendant” means a person sentenced to death who is seeking disclosure of public records in connection with postconviction proceedings.
(3) “Trial court” means the judge who entered the judgment and imposed the sentence of death or, if a rule 3.850/3.851 motion has been filed, the judge who is assigned to rule on the defendant’s rule 3.850/3.851 motion.
(c) Filing and Service.
(1) All requests for production of public records and all objections to production of public records shall be filed in the trial court on or before the expiration of the time required by this rule.
(2) Service of a request for production shall be upon the custodian designated pursuant to section 119.021, Florida Statutes, and a copy of that request for production shall be served upon the attorney general and upon all counsel of record in the postcon-viction proceedings.
(3) Service of a request for production upon the custodian designee shall either be *484 by personal service or by certified mail. An affidavit of personal service or a certified return receipt shall be filed in the trial court and a copy served upon the attorney general and all counsel of record no more than five days after service of the request for production upon the custodian designee.
(4) Service of a request for production shall include a complete copy of the request and shall advise the custodian designee of the time in which objection to the request for production must be filed and served, when notification of the time and place of production must be filed and served, and that the failure to file and serve an objection to the request for production shall act as a waiver of the objection.
(5) Objection to the request for production shall be filed in the trial court using the ease number and style of the case set forth in the service of the request for production and shall be served upon the attorney general and upon all counsel of record set forth in the service of the request for production.
(d) Requests for Production; Times for Filing and Service; Contents.
(1) A request for production shall be in writing and, if filed prior to the filing of the rule 3.850/3.851 motion, shall be given a case number in the trial court and will be considered to be a pleading in the rule 3.850/3.851 proceeding when a motion pursuant to the rule is filed.
(2) Requests for production shall be filed and served within the following times:
(A) Within 30 days after counsel is designated pursuant to rule 3.851(3), request for public records pertaining to the capital postconviction defendant in the custody of (i) all law enforcement agencies in the circuit where the conviction occurred, (ii) the state attorney’s office that prosecuted the defendant, (iii) the medical examiner in the circuit where the conviction occurred, (iv) the attorney general, and (v) the Department of Corrections.
(B) Within 120 days after counsel is designated pursuant to rule 3.851(3), request for public records pertaining to any other public record in the custody of any other agency not covered within subdivision (d)(2)(A) of this rule.
(C) Within 90 days after the initial production of the records, any supplemental request for production shall be filed and served. Such supplemental request for production shall be limited to the production of records which only became known from the records produced in the initial production of records.
(D) In respect to cases in which a capital postconviction defendant has a pending rule 3.850/3.851 motion and counsel for the defendant has been designated on the effective date of this rule, the time period for any initial request for production covered by subdivision (d)(2)(A) shall be 30 days from the effective date of this rule, and for any initial request for production covered by subdivision (d)(2)(B) shall be 120 days from the effective date of this rule. Any supplemental request for production shall be filed within 90 days after the initial production of the records or within 90 days of the effective date of this rule, whichever is later. Such supplemental request for production shall be limited to the production of records which only became known from the records produced in the initial production of records.
(3)The request for production shall state:
(A) The name, identifying number (social security, Department of Corrections, or other), and date of birth of the capital posteonviction defendant, and if the defendant is not the person about whom the information is requested, the name and other information sufficient to identify the person about whom the information is requested.
(B) The types of records requested with as much specificity as possible.
(C) The dates of any prior requests which have been made by the postconvietion defendant upon the agency from whom the information is requested and the name of the person about whom information was requested.
(D) The trial court in which any objection to the production must be filed, the case number for the postconviction proceeding, the names and addresses of all *485 counsel of record in the postconviction proceeding, and that an objection to production and notification of time and place of production shall be served on the attorney general and all counsel of record in the postconviction proceeding.
(e)Production or Objection.
(1) Within 30 days of receipt of the request for production, the agency shall file and serve upon the attorney general and all counsel of record a notice stating the time and place for the production of the documents requested to which no objection has been filed and served, or claim of exemption asserted. The notice shall include a certification by the agency that a diligent search has been made and that all records requested will be produced or, if records are being withheld or redacted, a listing of the records being withheld or redacted. If records are withheld or redacted, the notice shall be served with the objections to the production pursuant to subdivision (d)(4)(B).
(2) Within 30 days of receipt of the request for production, the agency shall file in the trial court and serve upon the attorney general and all counsel of record listed in the service of the request any objection to the request for production including any objection to specific records requested, as well as any claim of exemption.
(3) Production of the records to which no objection is filed and served or to which no exemption has been asserted shall be no later than 60 days from the receipt of the service of the request. Production of those records to which the trial court overrules any objection to production shall be within 30 days of the trial court’s order overruling the objection unless the trial court designates a different time.
(4) Within ten days of review of the records, all requests for copies of any of the records shall be made by any counsel who desires copies. Copies shall be furnished by the agency within ten days of the receipt of the request for copies. Copies shall be provided by the agency for the usual fee charged by the agency for copies or such fee as prescribed by statute, if any. Payment shall be tendered at the time copies are requested.
(f) Motions to Compel or Complaints.
(1) The capital posteonvietion defendant shall file in the trial court and serve on the attorney general and all counsel of record a motion to compel production within 30 days of any noncomplianee with this rule. The state shall file and serve on all counsel of record in the trial court a motion as to any complaint it has in respect to any production within 30 days of the occurrence giving rise to the complaint.
(2) Motions to compel or complaints about requests for production of chapter 119 records, which requests were served prior to the effective date of this rule, shall be filed in the trial court and served on the attorney general and all counsel of record no more than 30 days after the effective date of this rule. This shall be in lieu of any independent actions pending for production of chapter 119 records.
(g) Waivers.
(1) The production of any documents which are not requested within the time periods of subdivision (d)(2) of this rule is waived for purposes of any capital posteonvietion proceeding on behalf of the capital postcon-viction defendant including motions pursuant to rules 3.850/3.851 and petitions for habeas corpus.
(2) The failure to file an objection to the request for production or to the production of any document requested within the 30-day time period required by subdivision (d)(4)(A) shall waive any objection to the production.
(3) The failure to file a motion to compel or complaint pursuant to the time period set forth in subdivisions (e)(1) and (2) waives any motion to compel or any complaint.
(h) Motions and Objections. All motions or objections relating to production of documents or procedures shall be decided by the trial court on an expedited basis.
(i) Effect on Proceedings. No civil actions or any other proceedings except proceedings to enforce procedures authorized by this rule for the production of public records shall stay or have any affect upon the capital *486 postconviction proceedings before the trial court.
(j) Authority of Court. In proceedings under this rule, the trial court may:
(1) compel or deny disclosure of records;
(2) conduct in camera inspections;
(3) when reasonably necessary to achieve a fair result and expedite the process, authorize depositions or other discovery; and
(4) otherwise apply and enforce the provisions of chapter 119, Florida Statutes (1995).
(k) Scope of Rule. This rule only pertains to the production of records for capital postconviction defendants and does not change or alter any time periods in rules 3.850 and 3.851.
(l) Extensions of Time. Extensions of the times set forth in this rule may only be obtained by stipulation of all counsel of record or by leave of the trial court upon a showing of good cause.
(m) Other Requests Precluded. No other records request on behalf of a capital postconviction defendant relating to capital postconviction relief shall be considered outside the provisions of this rule unless it is demonstrated to the trial court by the capital postconviction defendant (i) that the existence of the records requested was unknown; and (ii) the need therefor was unknown when the time periods expired and could not have been known through the exercise of due diligence.