683 So.2d 475 (1996)
In re AMENDMENT TO FLORIDA RULES OF CRIMINAL PROCDURECAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION.
No. 87688.
Supreme Court of Florida.
October 31, 1996.
Dedee S. Costello, Chair, The Florida Bar Criminal Procedure Rules Committee, Panama City, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for Petitioner.
Richard B. Martell, Chief, Capital Appeals and Carolyn M. Snurkowski, Assistant Deputy Attorney General, Tallahassee, on behalf of Robert A. Butterworth, Attorney General of Florida; Michael J. Minerva, Capital Collateral Representative and Martin J. McClain, Chief Assistant Capital Collateral Representative, Tallahassee, on behalf of the Office of the Capital Collateral Representative; Robert L. Shevin of Stroock & Stroock Michael R. Ramage, General Counsel, Tallahassee, on behalf of the Florida Department of Law Enforcement; Katherine Fernandez Rundle, State Attorney and Penny H. Brill, Assistant State Attorney, Eleventh Judicial Circuit, Miami; Michael J. Satz, State Attorney and Carolyn V. McCann, Assistant State Attorney, Seventeenth Judicial Circuit, Fort Lauderdale; Stephen F. Hanlon of Holland & Knight, Tallahassee; David S. Bralow and Susan Tillotson Mills of Holland &Knight, Tampa, on behalf of First Amendment Foundation; Maury Kolchakian, General Counsel; Electra Theodorides, Deputy General Counsel, Tallahassee, and Thomas R. Scanlan, Legal Advisor, Sarasota, on behalf of the Florida Sheriffs Association; and Phillip D. Holland, pro se, Crestview, Responding.
PER CURIAM.
On April 25, 1996, this Court issued an opinion in this case promulgating a new rule of criminal procedure to be known as rule 3.852. In re Amendment to Florida Rules of Criminal ProcedureCapital Postconviction Public Records Production, 673 So.2d 483 (Fla.1996).
This rule requires that discovery on behalf of capital postconviction defendants of public records under chapter 119, Florida Statutes (1995), relating to proceedings for relief pursuant to Florida Rules of Criminal Procedure 3.850 and 3.851, be directed to the trial court hearing the postconviction motion. The rule was promulgated on this Court's own motion in response to the Court's study of problems with procedures pertaining to the production of public records in capital postconviction proceedings. The Court solicited comments to be submitted regarding the proposed rule. The time for filing comments has now expired, numerous comments have been received, and the Court has heard oral arguments regarding the comments. After considering all the comments, this Court adopts the rule as amended. We have jurisdiction. Art. V, § 2(a), Fla. Const.
We specifically address the comments of those who are concerned that the rule will unconstitutionally limit a capital postconviction defendant's right to production of public records pursuant to article I, section 24, Florida Constitution, and chapter 119, Florida *476 Statutes (1995). We conclude that the rule does not invade those constitutional and statutory rights.
This rule is a carefully tailored discovery rule for public records production ancillary to rule 3.850 and 3.851 proceedings. The time requirements and waiver provisions of the rule pertain only to documents which are sought for use in these proceedings. The rule does not affect, expand, or limit the production of public records for any purposes other than use in a 3.850 or 3.851 proceeding. This is a rule of procedure which directs the use of the courts' power to require, regulate, or prohibit the production of public records for these postconviction capital proceedings. We also note specifically that the rule is not a rule of evidence. Any public record that a postconviction defendant offers into evidence in a postconviction proceeding shall be admitted on the basis of the applicable law of evidence.[1]
In its comment, The Florida Bar Criminal Procedure Rules Committee expressed its concern about the need to expedite hearings pursuant to rule 3.852 by requiring a timetable for such hearings. The Committee suggested amending the rule to require that a moving party set for hearing a motion to compel production of public records within ten days of filing the motion. We believe the proposed requirement is unwarranted because it would interfere with the various local practices the judicial circuits use for setting their hearing dates. However, we have added the requirement in subdivisions (f)(1) and (f)(2) that a copy of any motion to compel production of public records relating to a postconviction proceeding be furnished to the trial judge in addition to being filed in the trial court. We also note that these motions are to be served upon the Attorney General and all counsel of record. We expect due diligence by the State in having these motions presented for hearing. We also expect Florida Rule of Judicial Administration 2.050(b)(7), requiring the chief judge of each judicial circuit to file periodic reports regarding the status of postconviction proceedings, to bring to the attention of chief judges for appropriate administrative direction any motions which are not being timely heard by trial judges.
In its comment, the office of the Attorney General proposed that the rule be applied prospectively in order to prevent further delay in postconviction proceedings that could be caused by defendants with pending public records requests who might choose to restart the discovery process under the new rule. We have decided instead to view the discovery process as a continuum, with a requirement that any pending public records civil actions that seek public records to be used in 3.850 or 3.851 proceedings be transferred within thirty days of the effective date of this rule to the postconviction court and consolidated within 3.850 or 3.851 motions which are pending on the date of transfer or which will be filed thereafter.[2] We here direct the office of the Attorney General to undertake the duty of seeing that these actions are transferred within the time requirements of the rule. The rulings in these pending actions made prior to consolidation shall have the same effect as the rulings would have had if the motions or complaints had been in a 3.850 or 3.851 proceeding from the inception of the 3.850 or 3.851 proceeding. As noted in our amendment of subdivision (i), the rule shall not be a basis for relitigating any requests for production or objections which have been ruled upon on the effective date of this rule.
Accordingly, Florida Rule of Criminal Procedure 3.852 is amended as reflected in the appendix to this opinion. We have amended the following subdivisions of the rule since its publication for comment: (c)(1); (d)(2)(D); (e)(1), (2), (4); (f)(1), (2); (g)(2), (3); (i)(1), (2), (3), (4); (k); (m); (n); and (o). New language is indicated by underscoring, and deletions are indicated by strike-through *477 type. The court commentary is offered for explanation only and is not adopted as an official part of the rule. These amendments become effective on the date this opinion is filed.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J. and GRIMES, J., concur.
ANSTEAD, Judge, specially concurring.
We have adopted this rule of discovery with the intent of facilitating and streamlining, rather than hindering or complicating, the discovery process in capital postconviction proceedings.
As a practical matter, and for this rule to work as we hope, capital defendants should utilize this rule to conduct all discovery, including the discovery that was previously conducted pursuant to chapter 119, and the State and its agencies should respond to their obligations to provide discovery in accord with the spirit of Florida's open records policy. As noted by the majority opinion, this rule in no way diminishes the right of an individual Florida citizen, including a capital defendant, to access to public records pursuant to article I, section 24, Florida Constitution, and chapter 119, Florida Statutes (1995). Trial courts must be mindful of our intention that a capital defendant's right of access to public records be recognized under this rule. If there is any category of cases where society has an interest in seeing that all available information is disclosed, it is obviously in those cases where the ultimate penalty has been imposed.
In these proceedings, we have received many assurances of cooperation. For example, the State and its agencies have indicated they will essentially follow an "open file" policy. However, both sides have cited instances of adversary system abuses where gamesmanship and partisanship have worked to unreasonably delay the underlying proceedings or to obstruct the release of information. The intent of this rule is to eliminate these practices. While the trial court will have the supervisory responsibility to see that there is an orderly flow of information under the scheme we have devised, the ultimate success or failure of this rule will largely rest on the voluntary and good faith efforts of the parties to resist the pressures of partisanship.
KOGAN, C.J., and GRIMES, J., concurs.

APPENDIX

RULE 3.852. CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION
(a) Applicability. This rule of discovery is applicable to all requests for production of public records to which chapter 119, Florida Statutes (1995), applies and which are on behalf of named capital postconviction defendants relating to proceedings for relief pursuant to Florida Rules of Criminal Procedure 3.850 and 3.851.
(b)Definitions.
(1) "Public records" and "agency" have the meaning set forth in chapter 119, Florida Statutes (1995).
(2) "Capital postconviction defendant" means a person sentenced to death who is seeking disclosure of public records in connection with postconviction proceedings.
(3) "Trial court" means:
(A) the judge who entered the judgment and imposed the sentence of death, or,;
(B) if a rule 3.850/ or 3.851 motion has been filed on the effective date of this rule and a different judge has already been assigned to that motion, the judge who is assigned to rule on the defendant's rule 3.850/ or 3.851 motion .; or
(C) if the judge who entered the judgment and imposed the sentence is no longer an active judge, the judge who is assigned to rule on the defendant's rule 3.850 or 3.851 motion.
(c) Filing and Service.
(1) All requests for production of public records and all objections to production of *478 public records shall be filed in the trial court, with a copy to the trial judge, on or before the expiration of the time required by this rule.
(2) Service of a request for production shall be upon the custodian designated pursuant to section 119.021, Florida Statutes, and a copy of that request for production shall be served upon the attorney general and upon all counsel of record in the postconviction proceedings.
(3) Service of a request for production upon the custodian designee shall either be by personal service or by certified mail. An affidavit of personal service or a certified return receipt shall be filed in the trial court and a copy served upon the attorney general and all counsel of record no more than five days after service of the request for production upon the custodian designee.
(4) Service of a request for production shall include a complete copy of the request and shall advise the custodian designee of the time in which objection to the request for production must be filed and served, when notification of the time and place of production must be filed and served, and that the failure to file and serve an objection to the request for production shall act as a waiver of the objection.
(5) Objection to the request for production shall be filed in the trial court using the case number and style of the case set forth in the service of the request for production and shall be served upon the attorney general and upon all counsel of record set forth in the service of the request for production.
(d) Requests for Production; Times for Filing and Service; Contents.
(1) A request for production shall be in writing and, if filed prior to the filing of the rule 3.850/ or 3.851 motion, shall be given a ease number in the trial court and will be considered to be a pleading in the rule 3.850/ or 3.851 proceeding when a motion pursuant to the rule is filed.
(2) Requests for production shall be filed and served within the following times:
(A) Within 30 days after counsel is designated pursuant to rule 3.851(b)(3), request for public records pertaining to the capital postconviction defendant in the custody of (i) all law enforcement agencies in the circuit where the conviction occurred, (ii) the state attorney's office that prosecuted the defendant, (iii) the medical examiner in the circuit where the conviction occurred, (iv) the attorney general, and (v) the Department of Corrections.
(B) Within 120 days after counsel is designated pursuant to rule 3.851(b)(3), request for public records pertaining to any other public record in the custody of any other agency not covered within subdivision (d)(2)(A) of this rule.
(C) Within 90 days after the initial production of the records, any supplemental request for production shall be filed and served. Such supplemental request for production shall be limited to the production of records which only became known from the records produced in the initial production of records.
(D) In respect to cases in which a capital postconviction defendant has a pending rule 3.850 or 3.851 motion and counsel for the defendant has been designated on the effective date of this rule, but no initial request for production has been served upon an agency covered by 2(A) or (2)(B), the time period for any initial request for production covered by subdivision (d)(2)(A) shall be 30 days from the effective date of this rule, and for any initial request for production covered by subdivision (d)(2)(B) shall be 120 days from the effective date of this rule.If a request or requests for production already have been served upon an agency, A any supplemental request for production shall be filed within 90 days after the initial production of the records or within 90 days of the effective date of this rule, whichever is later. Such supplemental request for production shall be limited to the production of records which only became known from the records produced in the initial production of records.
(3) The request for production shall state:
(A) The name, identifying number (social security, Department of Corrections, or other), and date of birth of the capital postconviction *479 defendant, and if the defendant is not the person about whom the information is requested, the name and other information sufficient to identify the person about whom the information is requested.
(B) The types of records requested with as much specificity as possible.
(C) The dates of any prior requests which have been made by the postconviction defendant upon the agency from whom the information is requested and the name of the person about whom information was requested.
(D) The trial court in which any objection to the production must be filed, the case number for the postconviction proceeding, the names and addresses of all counsel of record in the postconviction proceeding, and that an objection to production and notification of time and place of production shall be served on the attorney general and all counsel of record in the postconviction proceeding.
(e) Production or Objection.
(1) Within 3060 days of receipt of the request for production, the agency shall file and serve upon the attorney general and all counsel of record a notice stating the time and place for the production of the documents requested to which no objection has been filed and served, or claim of exemption asserted. The notice shall include a certification by the agency that a diligent search has been made and that all records requested will be produced or, if records are being withheld or redacted, a listing of the records being withheld or redacted. If records are withheld or redacted, the notice shall be served with the objections to the production pursuant to subdivision (d)(4)(B)(c)(5).
(2) Within 3060 days of receipt of the request for production, the agency or the State shall file in the trial court and serve upon the attorney general and all counsel of record listed in the service of the request any objection to the request for production including any objection to specific records requested, as well as any claim of exemption, or any motion for protection from the request based upon the scope of discovery as set forth in subdivision (m).
(3) Production of the records to which no objection is filed and served or to which no exemption has been asserted shall be no later than 60 days from the receipt of the service of the request. Production of those records to which the trial court overrules any objection to production shall be within 30 days of the trial court's order overruling the objection unless the trial court designates a different time.
(4) Within ten20 days of review of the records, all requests for copies of any of the records shall be made by any counsel who desires copies. Copies shall be furnished by the agency within ten10 days of the receipt of the request for copies. Copies shall be provided by the agency for the usual fee charged by the agency for copies or such fee as prescribed by statute, if any. Payment shall be tendered at the time copies are requested.
(f) Motions to Compel or Complaints.
(1) The capital postconviction defendant shall file in the trial court, with a copy to the trial judge, and serve on the attorney general and all counsel of record a motion to compel production within 30 days of any noncompliance with this rule. The state shall file and serve on all counsel of record in the trial court a motion as to any complaint it has in respect to any production within 30 days of the occurrence giving rise to the complaint.
(2) Motions to compel or complaints about requests for production of chapter 119 records, which requests were served prior to the effective date of this rule, shall be filed in the trial court, with a copy to the trial judge, and served on the attorney general and all counsel of record no more than 30 days after the effective date of this rule. This shall be in lieu of any independent actions pending for production of chapter 119 records.
(g) Waivers.
(1) The production of any documents which are not requested within the time periods of subdivision (d)(2) of this rule is waived for purposes of any capital postconviction proceeding on behalf of the capital postconviction defendant including motions pursuant *480 to rules 3.850/ or 3.851 and petitions for habeas corpus.
(2) The failure to file an objection to the request for production or to the production of any document requested within the 3060-day time period required by subdivision (d)(4)(A)(e)(2) shall waive any objection to the production.
(3) The failure to file a motion to compel or complaint pursuant to the time period set forth in subdivisions (e)(1)(f)(1) and (2)(f)(2) waives any motion to compel or any complaint.
(h) Motions and Objections. All motions or objections relating to production of documents or procedures shall be decided by the trial court on an expedited basis.
(i) Mandatory Transfers of Pending Civil Actions; Effect on Proceedings.
(1) If initial requests have been filed prior to the effective date of this rule, then subdivision (d)(2)(C) applies, and supplemental requests shall be filed within 90 days of the effective date of this rule. The rule shall not be a basis for renewing requests that have been previously initiated or for relitigating issues pertaining to production of public records upon which a court has ruled.
(2) Within 30 days of the effective date of this rule, any pending civil actions pursuant to chapter 119 in which records are requested for use in a 3.850 or 3.851 proceeding shall be transferred to the postconviction court and consolidated with 3.850 or 3.851 motions which are pending on the date of transfer or which will be filed thereafter. If a postconviction defendant objects to the transfer of a pending civil action pursuant to chapter 119, the action shall not be transferred. However, a civil action that is not transferred shall not stay or have any effect upon the postconviction proceeding before the trial court.
(3) Rulings in pending actions made prior to consolidation shall have the same effect as the rulings would have had if the motions or complaints had been in the 3.850 or 3.851 proceeding from the inception of the 3.850 or 3.851 proceeding.
(4) No civil actions or any other proceedings except proceedings to enforce procedures authorized by this rule for the production of public records shall stay or have any effect upon the capital postconviction proceedings before the trial court.
(j) Authority of Court. In proceedings under this rule, the trial court may:
(1) compel or deny disclosure of records;
(2) conduct in camera inspections;
(3) when reasonably necessary to achieve a fair result and expedite the process, authorize depositions or other discovery; and
(4) otherwise apply and enforce the provisions of chapter 119, Florida Statutes (19941995).
(k) Scope of Rule. This rule only pertains to the production of records for capital postconviction defendants and does not change or alter any time periods in rules 3.850 and 3.851. This rule governs only discovery in 3.850 and 3.851 proceedings and does not render inadmissible into evidence any relevant evidence which is in the possession of a postconviction defendant. This rule does not affect, expand, or limit the production of public records for any purposes other than use in a 3.850 or 3.851 proceeding.
(l) Extensions of Time. Extensions of the times set forth in this rule may only be obtained by stipulation of all counsel of record or by leave of the trial court upon a showing of good cause.
(m) Scope of Discovery. Parties may obtain discovery pursuant to this rule regarding any public records authorized by chapter 119, Florida Statutes (1995), that are relevant to the subject matter of a 3.850 or 3.851 proceeding. It is not ground for objection that the records sought will be inadmissible in the postconviction proceeding if the records sought appear reasonably calculated to lead to the discovery of admissible evidence. The trial court upon timely motion may deny, pursuant to this rule, requests for production of records which the trial court deteiroines already have been produced or which the trial court determines to be overbroad or unduly burdensome.
*481 (n) Other Requests Precluded. No other records request on behalf of a capital postconviction defendant relating to capital postconviction relief shall be considered outside the time provisions of this rule unless it is demonstrated to the trial court by the capital postconviction defendant (i) that the existence of the records requested was unknown; and (ii) the need therefor was unknown when the time periods expired and could not have been known through the exercise of due diligence.

Court Commentary
1996 Adoption. Florida Rule of Judicial Administration 2.071(b) allows for telephonic and teleconferencing communication equipment to be utilized "for a motion hearing, pretrial conference, or a status conference." Teleconferencing sites have been established by the Department of Management Services, Division of Communications at various metropolitan locations in the state. The "Shevin Study"[3] examined, at this Court's request, the issue of delays in capital postconviction relief proceedings and noted that travel problems of counsel cause part of those delays. The Court strongly encourages the use of the new telephonic and teleconferencing technology for postconviction relief proceedings that do not require evidentiary hearings.
NOTES
[1] This statement is intended to make clear that the admissibility of a public record in the possession of a postconviction defendant but not obtained under provisions of this rule is to be determined based on the law of evidence applicable to the record's admissibility in the particular proceeding. Determination of admissibility shall not be based on whether the record was obtained pursuant to this rule.
[2] This rule supersedes Hoffman v. State, 613 So.2d 405 (Fla. 1992).
[3] Letter from Robert L. Shevin "Re: Study of the Capital Collateral Representative" to Chief Justice Stephen H. Grimes (Feb. 26, 1996) (on file with the Supreme Court of Florida in case number 87,688).