PER CURIAM.
After hearing oral argument in this cause and having examined recent legislation regarding the funding for representation of capital defendants in collateral proceedings, we toll the time requirements set forth in Florida Rules of Criminal Procedure 3.851 and 3.852 until October 1, 1998, for all defendants listed in appendix “B” of this opinion and until September 1, 1998, for all defendants listed in appendix “C.” We further direct that by October 15, 1998, (1) the three Capital Collateral Regional Counsels (CCRC) file with this Court a complete inventory for each capital defendant represented by their respective offices; and (2) the Attorney General file with this Court a list of the defendants for whom private counsel has been appointed, which includes the name and address of each such appointed private counsel.
In Amendments to Florida Rules of Criinal Procedure—Capital Postconviction Public Records Production (Time Tolling), 708 So.2d 913 (Fla.1998) (Amendments), we tolled the time requirements set forth in Florida Rule of Criminal Procedure 3.852 until June 1, 1998, for a number of capital defendants represented by the three CCRCs.[1] In that opinion, we directed that each CCRC file inventories by March 1,1998, with specific information for each capital defendant represented by CCRC. Additionally, by separate order, we tolled, until June 1, 1998, the time for certain defendants to comply with rule 3.851 as well. See In re Rule of Crim. Proc. 3.851 (Collateral Relief After Death Sentence has been Imposed) and Rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), 708 So.2d 912 (Fla.1998).[2] We tolled the time requirements of these rules in part to allow the legislature to examine and address the administrative problems currently being experienced by CCRC as well as to address the contention that additional funding is needed before rule 3.852 can be implemented. Motions for rehearing and/or clarification on these two cases were *870 filed. On April 8, 1998, using information supplied by CCRC in the March 1, 1998, inventories as well as information maintained here at this Court, we clarified which defendants were included in the time tolling of rules 3.852 and 3.851. See In re Rule of Crim. Proc. 3.851 (Collateral Relief After Death Sentence has been Imposed) and Rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), Nos. 82,322 & 92,026 (Fla. Apr. 8, 1998) (Order).
In tolling the time requirements of the rules, we used the following criteria, which were obtained from the inventories submitted to this Court by the CCRCs: (1) nothing yet filed in circuit court (tolled); and (2) rule 3.850 motion filed to comply with federal one-year time limit and/or chapter 119 proceedings ongoing (tolled).
Following our clarification we received three new motions for clarification in this matter: (1) one from CCRC-South, asking that we toll the times for nine more defendants; (2) one from private conflict counsel contracted by CCRC-North, asking that we toll the time for defendant Harry Jones due to inadequate funding for conflict counsel to proceed; and (3) one from the State, asserting that certain defendants were erroneously included in the time tolling list. By this opinion, we deny the motions for clarification, finding that any time tolling requests for any defendant not included in one of the attached appendices should be directed, on a case-by-case basis, to the court in which the case is pending.
We turn now to other issues raised in this proceeding. To adequately address those issues, we must evaluate and apply the recently enacted legislation concerning CCRC. In Senate Bill 898, the legislature repealed rule 3.852 effective October 1, 1998. In Senate Bill 1330, the legislature directed that a repository for archiving capital postconviction public records must be established by the Secretary of State. Under that bill, a procedure is established for primarily executive branch agencies to send public records to the repository within a short time after this Court issues its mandate in a capital case. This process is intended to assist in eliminating the often lengthy disputes over public records production in capital cases that frequently involve those agencies.
Additionally, in Senate Bill 1328, the legislature directed that, effective July 1, 1998, private counsel is to be appointed by the trial court in any capital case in which ninety-one days have elapsed since this Court issued its mandate or, where a petition for certiorari was filed with the United States Supreme Court, ninety-one days have elapsed since the petition was denied; in any capital case in which the defendant was previously represented by private counsel and is now unrepresented; or in any capital case where the trial court has issued an order finding that a year and a day have elapsed since the commencement of the period for filing a motion for postconviction relief and a complete such motion has not been filed in the trial court. It appears that this statutory provision requires that any capital defendant whose ninety-day period has run prior to July 1, 1998, must have designated counsel by that date or else the Attorney General is to begin the notification process for having private counsel appointed by the trial court. We also recognize, however, that the registry of attorneys will have to be' established before trial courts can appoint private counsel as required by the legislation and that a large number of attorneys will need to be included in the registry because of the many capital postconviction defendants that may fall within the categories under which private counsel will have to be appointed.
Additionally, by court order, this Court has established a Special Committee on Florida Rule of Criminal Procedure 3.852, which is charged with the responsibility of creating proposed forms and amendments to the rule concerning the public records process. See Administrative Order (Fla. Mar. 18, 1998). Because of the Legislature’s abol-ishment of rale 3.852, this Court has now expanded the committee’s charge to include “making recommendations as to procedures concerning the newly enacted capital post-conviction public record statute.” In doing so, we encouraged the committee to consult with the Attorney General, the three CCRCs, the representatives of the agencies named in the legislation, and the Criminal *871 Procedure Rules Committee. See Administrative Order (Fla. May 7, 1998). This Court will consider the committee’s recommendations prior to the October 1, 1998, effective date of the repeal of rule 3.852.
To accommodate the implementation of the new legislation and the necessity of establishing the registry and to allow the implementation of a new rule 3.852 consistent with the recent legislation, we will continue to toll the time requirements of rules 3.851 and 3.852 for certain capital postconviction defendants.
We toll the time requirements of those rules until October 1, 1998, for all of those defendants set forth in appendix B. These are the defendants for whom the inventories submitted by the CCRCs and the quarterly reports submitted by the Chief Judges of the Circuit Courts pursuant to the Florida Rules of Judicial Administration indicate that, in accordance with Senate Bill 1328, private counsel may be appointed if CCRC does not act to designate "ounsel. By October 1, 1998, each of these defendants should have either CCRC designated counsel or private counsel appointed by the trial court.[3]
We toll the time requirements of rules 3.851 and 3.852 until September 1, 1998, for all of those defendants set forth in appendix C. These are defendants for whom CCRC has designated counsel and for whom proceedings were ongoing prior to our April 8, 1998, tolling order. Although the time requirements for these defendants are tolled, we do grant to the trial courts the discretion to hold status conferences before September 1, 1998, on these defendants to set forth schedules for moving forward.
Defendants for whom certiorari was denied by the United States Supreme Court after our April 8, 1998, order will proceed under the time requirements of rules 3.851 and 3.852 and will not be tolled. Further, defendants who currently have designated counsel and whose eases have hearings or argument set or who have briefs due and arguments set on appeal are not affected by this tolling.
Any future requests for continuances or extensions of time are to be considered on a case-by-case basis by the trial court.
By October 15, 1998, the CCRCs shall file an inventory with this Court on all CCRC clients as set forth in Appendix A of this opinion. By that same date, the Attorney General shall file with this Court a list of the defendants for whom private counsel has been appointed, which includes the name and address of each such appointed private counsel.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX A
[[Image here]]
APPENDIX B
[[Image here]]
*872 [[Image here]]
APPENDIX C
[[Image here]]

. For a history of time tolling of rule 3.852, please see our opinion in Amendments.

. By administrative order, we extended the tolling to June 25, 1998.

. It is suggested that the Attorney General, CCRC, the Executive Director of the Commission on the Administration of Justice in Capital Cases, and the trial court work together to assure the designation of counsel. Upon appointment of private counsel to any individual, the Attorney General is to file a notice in this Court of the name and address of that counsel.