PER CURIAM.
In 1996, this Court, on its own motion, promulgated new Florida Rule of Criminal Procedure 3.852 to govern public records requests in capital postconviction proceedings. In re Amendment to Florida Rules of Criminal Procedure—Capital Postconviction Public Records Production, 683 So.2d 475 (Fla.1996). This Court established a Special Committee on Florida Rule of Criminal Procedure 3.852, which was charged with the responsibility of creating proposed forms and amendments to the rule concerning the public records process for capital postconviction defendants. See Amendments to Florida Rules of Criminal Procedure, 23 Fla. L. Weekly S363, 719 So.2d 869 (Fla.1998). Because of the 1998 Legislature’s repeal of rule 3.852, this Court expanded the Committee’s charge to include making recommendations as to procedures concerning chapter 98-198, section 1, Laws of Florida, which enacted a new section of the Public Records Law, to be codified as section 119.19, Florida Statutes (Supp.1998), which concerns public records production for capital postconviction defendants. 23 Fla. L. Weekly at S363, 719 So.2d at 869. We have. reviewed the Committee’s recommendations on an expedited basis to accommodate the October 1, 1998, effective date of the repeal of rule 3.852.
We hereby adopt on an emergency basis the Committee’s proposed rule 3.852 and the accompanying forms set forth in the attached appendix. These changes are effective October 1, 1998, at 12:01 a.m. Interested persons may file comments by December 1,1998. By this adoption of the rule, we express no opinion on the substance of the rule or chapter 98-198, § 1, Laws of Florida, or the merits of any matter concerning the rule or statute.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
Rule 3.852 Capital Postconviction Public Records Production.
(a) Applicability and Scope.
(1) This rule is applicable only to the production of public records for capital postcon-viction defendants and does not change or alter the time periods specified in Florida Rules of Criminal Procedure 3.850 and 3.851. Furthermore, this rule does not affect, expand, or limit the production of public records for any purposes other than use in a proceeding held pursuant to rule 3.850 or rule 3.851.
(2) This rule shall not be a basis for renewing requests that have been initiated previously or for relitigating issues pertaining to production of public records upon which a court has ruled prior to October 1, 1998.
(3) This rule is to be used in conjunction with the forms found at rule 3.993.
*164 (b) Definitions.
(1) “Public records” has the meaning set forth in chapter 119, Florida Statutes.
(2) “Trial court” means:
(A) the judge who imposed the sentence of death; or
(B) the judge assigned by the chief judge.
(3) “Records repository” means the location designated by the Secretary of State pursuant to section 119.19, Florida Statutes (Supp.1998), for archiving capital postconviction public records.
(4) “Collateral counsel” means a capital collateral regional counsel from one of the three regions in Florida; a private attorney who has been appointed to represent a capital defendant for posteonviction litigation; or a private attorney who has been hired by the capital defendant or who has agreed to work pro bono for a capital defendant for postcon-viction litigation.
(5) “Agency” and “person” mean an entity or individual as defined in section 119.011(2), Florida Statutes, that is subject to the requirements of producing public records for inspection under section 119.07(l)(a), Florida Statutes.
(6) “Index” means a list of the public records included in each box of public records sent to the records repository.
(c) Filing and Service.
(1) The original of all notices, requests, or objections filed under this rule must be filed with the clerk of the trial court. Copies must be served on the trial court, the attorney general, the state attorney, collateral counsel, and any affected person or agency, unless otherwise required by this rule.
(2) Service shall be made pursuant to rule 3.030(b).
(d) Action Upon Issuance of Mandate.
(1) Within 15 days after the Supreme Court of Florida issues a mandate affirming the sentence of death, the attorney general shall file with the trial court a written notice of the mandate and serve a copy of it upon the state attorney, the Department of Corrections, and the defendant’s trial counsel. The notice to the state attorney shall direct the state attorney to submit public records to the records repository within ninety days and to notify each law enforcement agency involved in the case to submit public records to the records repository within 90 days. The notice to the Department of Corrections shall direct the department to submit public records to the records repository within 90 days.
(2) Within 90 days after issuance of the Supreme Court of Florida’s mandate affirming a death sentence, the state attorney shall provide written notification to the attorney general of the name and address of any additional person or agency that has public records pertinent to the case.
(3) Within 90 days after issuance of the Supreme Court of Florida’s mandate affirming a death sentence, the defendant’s trial counsel shall provide written notification to the attorney general of the name and address of any person or agency with information pertinent to the case which has not previously been provided to collateral counsel.
(4) Within 15 days after receiving notification of any additional person or agency pursuant to subdivisions (d)(2) or (d)(3), the attorney general shall request all public records in the possession of each additional person or agency which pertain to the case be copied, sealed, indexed, and delivered to the records repository.
(e)Action Upon Receipt of Notice of Mandate
(1) Within 15 days after receipt of a written notice from the attorney general of the mandate, the state attorney shall provide written notification to each law enforcement agency involved in the specific case to submit public records to the records repository within 90 days. A copy of the notice shall be served upon the defendant’s trial counsel.
(2) Within 90 days after receipt of a written notice from the attorney general, the state attorney shall copy, seal, index, and deliver to the records repository all public records that were produced in the investigation or prosecution of the case except for those filed in the trial court. The state *165 attorney shall also provide written notification to the attorney general of compliance with this section, including certifying that, to the best of the state attorney’s knowledge or belief, all public records in the state attorney’s possession have been copied, sealed, indexed, and delivered to the records repository as required by this rule.
(3) Within 90 days after receipt of a written notice from the attorney general, the Department of Corrections shall copy, seal, index, and deliver to the records repository all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851 unless production of any such copying, sealing, indexing, and delivering would be unduly burdensome. The department shall bear the costs. The Secretary of the Department shall provide written notification to the attorney general of compliance with this section certifying that, to the best of the Secretary of the Department’s knowledge or belief, all public records in the possession of the Secretary of the Department have been copied, sealed, indexed, and delivered to the records repository.
(4) Within 90 days after receipt of the notification of the mandate from the state attorney, a law enforcement agency shall copy, seal, index, and deliver to the records repository all public records, except for those filed in the trial court, which were produced in the investigation or prosecution of the case. Each agency shall bear the cost of copying, sealing, indexing, and delivering the public records. The chief law enforcement officer of each law enforcement agency shall provide written notification to the attorney general of compliance with this section including certifying that, to the best of the chief law enforcement officer’s knowledge or belief, all public records in possession of the agency or in possession of any employee of the agency have been copied, sealed, indexed, and delivered to the records repository.
(5) Within 90 days after receiving a request for public records, each additional person or agency shall provide written notification to the attorney general of compliance with this subdivision and shall certify, to the best of the person or agency’s knowledge and belief, all public records requested have been copied, sealed, indexed, and delivered to the records repository.
(f) Exempt or Confidential Public Records.
(1) Any public records delivered to the records repository pursuant to these rules that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes, or article I, section 24(a), Florida Constitution, must be separately boxed, without being redacted, and sealed. The outside of the box must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court. The outside of the box must identify the nature of the public records and the legal basis for the exemption.
(2) Upon the entry of an appropriate court order, sealed boxes subject to an inspection by the trial court shall be shipped to the clerk of court. The boxes may be opened only for inspection by the trial court in camera and only with a representative of the agency present at the unsealing by the court. The moving party shall bear all costs associated with the transportation and inspection of such records by the trial court.
(g) Upon Designation of Collateral Counsel.
(1) Within 90 days after collateral counsel is appointed, retained, or appears pro bono, such counsel shall send a written demand for additional public records to each person or agency submitting public records or identified as having information pertinent to the case under subdivision (d) of this rule.
(2) Within 90 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency’s knowledge and belief that all additional public records have been delivered to the records repository or, if no additional public records are found, shall recertify that the public records previously delivered are complete.
*166 (3) Within 60 days of receipt of the written demand, any person or agency may file with the trial court an objection to the written demand described in subdivision (1). The trial court shall hold a hearing and issue a ruling within 30 days after the filing of any objection, ordering a person or agency to produce additional public records if the court determines each of the following exists:
(A) Collateral counsel has made a timely and diligent search as provided in this rule.
(B) Collateral counsel’s written demand identifies, with specificity, those additional public records that are not at the records repository.
(C) The additional public records sought are relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851, or appear reasonably calculated to lead to the discovery of admissible evidence.
(D) The additional public records request is not overly broad or unduly burdensome.
(h) Cases in Which Mandate was Issued Prior to Effective Date of Rule.
(1) If the mandate affirming the defendant’s conviction and sentence of death was issued prior to October 1, 1998, and no initial public records requests have been made by collateral counsel by that date, the attorney general and the state attorney shall file notifications with the trial court as required by subdivisions (d) and (e) of this rule.
(2) If on October 1, 1998, a defendant is represented by collateral counsel and has initiated the public records process, collateral counsel shall, within 90 days of October 1, 1998, file with the trial court and serve a written demand for any additional public records that have not previously been the subject of a request for public records. A person or agency may object to any request under this subdivision, and the trial court shall hold a hearing and rule on the objection within 30 days after filing of the objection.
(3) If on October 1, 1998, the defendant has had a rule 3.850 or rule 3.851 motion denied and no rule 3.850 or rule 3.851 motion is pending, no additional public records request under this rule is permitted by collateral counsel until a death warrant has been signed by the Governor and an execution has been scheduled. Within 10 days of the signing of the death warrant, collateral counsel may request production of public records from a person or agency from which collateral counsel has previously requested public records. A person or agency shall produce any public record:
(A) that was not previously the subject of an objection;
(B) that was received or produced since the previous request; or
(C) that was, for any reason, not produced previously.
If none of these circumstances exist, the person or agency shall file with the trial court and the parties an affidavit stating that no other records exist and that all public records have been produced previously. A person or agency shall comply with this subdivision within 10 days from the date of the request or such shorter time period as is ordered by the court.
(i) Limitation on Postproduction Request for Additional Records.
(1) Collateral counsel is barred from making any further public records request under this rule upon:
(A) the production by a person or agency of all public records;
(B) the production by a person or agency of any additional public records; or
(C) the recertification by a person or agency that all public records have been transmitted to the records repository.
A person or agency is not required to produce any further records unless ordered to do so by the trial court.
(2) In order to obtain public records in addition to those provided by this rule, collateral counsel shall file an affidavit in the trial court which:
(A) attests that collateral counsel has made a timely and diligent search of the records repository; and
(B) identifies with specificity those public records not at the records repository; and
*167 (C) establishes that the additional public records are either relevant to the subject matter of the postconviction proceeding or are reasonably calculated to lead to the discovery of admissible evidence.
(3)Within 30 days after the affidavit of collateral counsel is filed, the trial court shall order a person or agency to produce additional public records only upon finding each of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel’s affidavit identifies with specificity those additional public records that are not at the records repository;
(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
(D) the additional records request is not overly broad or unduly burdensome.
(j) Copying of Public Records. Collateral counsel shall provide the personnel, supplies, and any necessary equipment to copy records held at the records repository.
(k) Authority of the Court. In proceedings under this rule the trial court may:
(l) compel or deny disclosure of records;
(2) conduct an in-camera inspection;
(3) extend the times in this rule upon a showing of good cause;
(4) impose sanctions upon any party, person, or agency affected by this rule including initiating contempt proceedings, taxing expenses, extending time, ordering facts to be established, and granting other relief; and
(5) resolve any dispute arising under this rule unless jurisdiction is in an appellate court.
(i) Requests by Others Precluded. Collateral counsel shall not solicit another person to make a request for public records on behalf of the capital postconviction defendant. The trial court shall impose appropriate sanctions against any collateral counsel violating this subdivision.
(m)Destruction of Records Repository Records. Sixty days after a capital sentence is carried out, after the defendant is released from incarceration following the granting of a pardon or reversal of the sentence, or after the defendant has been resentenced to a term of years, the attorney general shall provide written notification to the Secretary of State, who may then destroy the records held by the records repository that pertain to that case.
Rule 3.993. Forms Related to Capital Postconviction Records Production
(a) Notice to State Attorney of Affir-mance of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE TO STATE ATTORNEY OF AFFIRMANCE OF DEATH PENALTY
TO: _
[name of state attorney and circuit]
The Attorney General of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the _day of_,_, the Florida Supreme Court issued its mandate affirming the death sentence in this case. Within 15 days of receipt of this notice, you should provide written notice to each law enforcement agency involved in this case.
Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case, should copy, seal, index, and deliver to the records repository of the Secretary of State all public records, except for those filed in the trial court, which were *168 produced in the investigation or prosecution of this case.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of state attorney], and _[name of trial counsel for defendant], this_day of_,_
[[Image here]]
[name and address of attorney general]
(b) Notice to Secretary of Department of Corrections of Affirmance of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for _
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE TO SECRETARY OF DEPARTMENT OF CORRECTIONS OF AFFIR-MANCE OF DEATH PENALTY
TO: _
[name of Secretary of Department of Corrections]
The Attorney General of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the_day of_, _, the Florida Supreme Court issued its mandate affirming the death sentence in this case.
Within 90 days after receipt of this notice, you should copy, seal, index, and deliver to the records repository of the Secretary of State all public records determined by your department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851 unless the production of such records would be unduly burdensome.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of Secretary of Department of Corrections], and _[name of trial counsel for defendant], this_day of_,_
[[Image here]]
[name and address of attorney general]
(c) Notice by State Attorney to Law Enforcement Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF AFFIRMANCE OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS ,
TO: _
[name of chief law enforcement officer]
The State Attorney of the _ Judicial Circuit of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(e)(1), hereby gives notice to _[name of chief law enforcement officer and agency], that was involved in this case by investigation, arrest, prosecution, or incarceration, that on the _ day of_, _, the Florida Supreme Court issued its mandate affirming the death sentence in this case.
Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case should copy, seal, index, and deliver to the records repository of the Secretary of State all public records, except those filed in the trial court, which were produced in the investigation, arrest, prosecution, or incarceration of this case.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of chief law enforcement officer],_[name of attorney gen *169 eral], and _[name of collateral counsel], this_day of_,__
[[Image here]]
[name and address of state attorney]
(d)Notice of Compliance by State Attorney.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY STATE ATTORNEY
TO: _
[name and address of attorney general]
The State Attorney for the_ Judicial Circuit gives notice to the Attorney General of compliance by delivery of public records involving this case to the records repository of the Secretary of State. To the best of my knowledge and belief, all public records in my possession have been copied, sealed, indexed, and delivered to the records repository of the Secretary of State as required by Florida Rule of Criminal Procedure 3.852(e)(2).
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court], _[name of attorney general], and _[name of collateral counsel], this _ day of _,
[[Image here]]
[name and address of state attorney]
(e)Notice of Compliance by the Secretary of the Department of Corrections.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY THE SECRETARY OF THE DEPARTMENT OF CORRECTIONS
TO: _
[name and address of attorney general]
The Secretary of the Department of Corrections, having received notice of the affir-mance of the death penalty in this case from the Attorney General on the _ day of _,_, hereby gives notice and certifies that, to the best of my knowledge and belief, all public records determined by the Department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851, have been copied, sealed, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _ [name of trial court], [name of attorney general], _ [name of state attorney], and _ [name of collateral counsel], this _ day of _ _
[[Image here]]
[name and address of Secretary of Department of Corrections]
(f)Notice of Compliance by Law Enforcement Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
*170 State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY LAW ENFORCEMENT AGENCY
TO: _
[name and address of attorney general]
_[name of chief law enforcement officer and agency] that was involved in this case by an investigation, arrest, prosecution, or incarceration, hereby gives notice to the Attorney General of compliance by delivery' of public records involving this case to the records repository of the Secretary of State. I further certify that, to the best of my knowledge and belief, all public records in possession of this agency or in the possession of any employee of this agency have been copied, sealed, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court],_[name of attorney general], _ [name of state attorney], and _ [name of collateral counsel], this_day of___
[[Image here]]
[name and address of chief law enforcement officer]
(g) Notice to Attorney General of Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida Case No._
Division_
State of Florida, Plaintiff, v. Defendant.
STATE ATTORNEY’S NOTICE TO ATTORNEY GENERAL OF PERTINENT INFORMATION
TO: _
[name and address of attorney general]
The undersigned_[name of state attorney] hereby gives notice to the Attorney General of the following name(s) and addressees) of any person or agency having information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State:
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records pertaining to this case to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court],_[name of attorney general], and _ [name of public defender of defense counsel], this_day of_,_
[[Image here]]
[name and address of state attorney]
(h) Notice to Attorney General of Pertinent Information.
In the Circuit Court of the _
Judicial Circuit, in and for_
County, Florida Case No. _
Division_
State of Florida, Plaintiff, v. Defendant.
TRIAL COUNSEL’S NOTICE TO ATTORNEY GENERAL OF PERTINENT INFORMATION
TO: _
[name and address of attorney general]
The undersigned_[name of public defender or other counsel], for _ [name of defendant], hereby gives notice to the Attorney General of the following name(s) and address(es) of persons or agencies in addition to those previously furnished to collateral counsel which may have information pertinent to this case.
*171 [list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records pertaining to this case to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _ [name of trial court], _ [name of attorney general], and _ [name of state attorney], this_day of_, 19_
[[Image here]]
[name and address of trial counsel]
(i)Notice by Attorney General to Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida Case No. _
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE BY ATTORNEY GENERAL TO PERSON OR AGENCY HAVING PERTINENT INFORMATION
TO: _
[name and address of person or agency]
Pursuant to Florida Rule of Criminal Procedure 3.852(d)(2), the undersigned has been notified by_[name of trial counsel or state attorney], that you have public records pertinent to this ease. Pursuant to the provisions of rule 3.852(e)(5), you must:
1. Within 90 days of receipt of this notice, copy, seal, index, and deliver to the records repository of the Secretary of State all public records in your possession which are pertinent to this case; and
2. Provide written notice to me that you have complied with these provisions.
I HEREBY CERTIFY that a true and correct copy of the pleading has been served on_ [name of person or agency] and_ [name of trial court], this _ day of _ _
[[Image here]]
[name and address of attorney general]
(j)Notice of Compliance by Person or Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida Case No._
Division _
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY PERSON OR AGENCY
TO: _
[name and address of attorney general]
The undersigned, pursuant to Florida Rule of Criminal Procedure 3.852(e)(5), having received notice from the Attorney General on the_day of_,_, to copy, seal, index, and deliver all public records in my possession or in the possession of the undersigned agency to the records repository of the Secretary of State, hereby gives notice to the Attorney General and further certifies that all such public records in my possession or in the possession of the undersigned agency pertaining to this case, to the best of my knowledge and belief, have been copied, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _ [name of trial court], _ [name of attorney general],_[name of state attorney], and _ [name of collateral counsel], this_day of_,__
[[Image here]]
[name and address of person or agency]
(k)Defendant’s Demand for Production of Additional Public Records Pertaining to Defendant’s Case.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida Case No._
Division_
*172 State of Florida, Plaintiff, v. Defendant.
DEFENDANT’S DEMAND FOR ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE
TO: _
[name and address of person or agency]
The defendant, by and through undersigned counsel, hereby makes demand of _ [name of person or agency submitting public records], pursuant to Florida Rule of Criminal Procedure 3.852, for additional public records pertinent to this case.
1. Undersigned counsel represents that, after a timely and diligent search, the records specifically described below:
(a) are relevant to a pending proceeding pursuant to rule 3.850; or
(b) appear reasonably calculated to lead to the discovery of admissible evidence; and
(e) have not previously been obtained in discovery or from a previous public records request from either the above-named person or agency or any other; and
(d) are not presently available from the public records repository.
2. The public records requested are as follows:
[list public records requested]
3. Pursuant to rule 3.852, any objection to production, including any claim of exemption, must be filed with the trial court and served upon all counsel of record within 60 days of receipt of this demand, or such objection will be deemed waived.
4. Pursuant to rule 3.852, you shall, within 90 days after receipt of this demand:
(a) copy, seal, index, and deliver to the records repository of the Secretary of State any additional public records in the possession of your agency which pertain to this case; and
(b) certify that, to the best of your knowledge and belief, all additional public records have been delivered to the records repository of the Secretary of State; and
(c) recertify that the public records previously delivered are complete if no additional public records are found.
-[name of attorney for defendant]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_[name of trial court],_[name of person or agency], _ [name of attorney general], and _ [name of state attorney], this_day of_,_
[[Image here]]
[name and address of attorney for defendant]
(Z) Objection to Defendant’s Request for Production of Additional Public Records Pertaining to Defendant’s Case and Motion for Hearing.
In the Circuit Court of the _
Judicial Circuit, in and for_
County, Florida Case No. _
Division_
State of Florida, Plaintiff, v. Defendant.
OBJECTION TO DEFENDANT’S REQUEST FOR PRODUCTION OF ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE AND MOTION FOR HEARING
The undersigned person or agency, having received defendant’s demand for production of additional public records pertaining to defendant’s ease on the_ day of_, _, hereby files this objection and respectfully moves the court to hold a hearing to determine if the requirements of rule 3.852_have been met. The grounds for this objection are:
[state grounds]
Respectfully submitted,
*173 [[Image here]]
[name of attorney]
Attorney for_
[name of person or agency]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _ [name of trial court], _ [name of attorney for defendant], and _ [name of attorney general], this _ day of _ _
_[name of attorney]
(m)Notice of Delivery of Exempt Public Records to Records Repository.
In the Circuit Court of the_Judicial
Circuit, in and for_County, Florida
Case No_Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO RECORDS REPOSITORY
TO: Records Repository
[[Image here]]
[address of records repository]
The undersigned, _ [name of person or agency], hereby gives notice to the records repository of the Secretary of State that certain delivered records are confidential or exempt from the requirements of section 119.07(1), Florida Statutes. These public records have been separately boxed without being redacted, sealed, and the nature of the public records and the legal basis under which the public records are exempt have been identified.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _ [name of trial court], _ [name of records repository], _ [name of attorney general], _[name of state attorney], and _ [name of collateral counsel], this _ day of_,_
[[Image here]]
[name and address of person or agency]
(n)Order to Deliver Exempt Public Records to the Clerk of Circuit Court.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida Case No._
Division_
State of Florida, Plaintiff, v. Defendant.
ORDER TO DELIVER EXEMPT PUBLIC RECORDS
TO: Records Repository
[[Image here]]
[address of records repository]
This court having received notice on the _day of_,_, that certain records for which a claim of confidentiality or exemption from disclosure has been claimed have been copied, indexed, separately boxed without being redacted, sealed, identified as to their nature and the legal basis for their confidentiality or exemption, and delivered to the records repository of the Secretary of State, it is ordered that said records be delivered to _ [name of clerk of circuit court] for further proceedings consistent with Florida Rule of Criminal Procedure 3.852(f). _ [name of moving party] shall bear all costs associated with the transportation and inspection of said records by the trial court.
DONE AND ORDERED in _ County, Florida, this_day of_,_ _Judge
(o)Notice of Delivery of Exempt Public Records to the Clerk of Circuit Court.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida Case No._
Division_
State of Florida, Plaintiff, v. Defendant.
*174 NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO CLERK OF CIRCUIT COURT
TO: _
[name and address of clerk of circuit court]
The Secretary of State, by and through the undersigned, having received an appropriate court order pursuant to rule 3.852, hereby gives notice that the sealed box(es) containing exempt public records have/has been shipped to the above-listed clerk of circuit court. Pursuant to the provisions of Florida Rule of Criminal Procedure 3.852(f)(2) these public records may only be opened for an inspection by the trial court in camera and only with a representative of the agency present at the unsealing by the court.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on_ [name of trial court], _ [name of clerk of circuit court],_[name of attorney general], and_ [name of collateral counsel], this_day of_, 19__
[[Image here]]
[name of secretary of state]
By: -
[name of representative of secretary of state]