PER CURIAM.
On September 18, 1998, this Court adopted on an emergency basis a revised version of Florida Rule of Criminal Procedure 3.852, which had been proposed by the Committee on Florida Rule of Criminal Procedure 3.852 established by this Court to recommend amendments to the rule in light of the legislature’s enactment of a new section of the Public Records Law, section 119.19, Florida Statutes (Supp.1998), concerning public records production for capital postconviction defendants. Amendments to Florida Rules of Criminal Procedure, 723 So.2d 163 (Fla. 1998). In that decision, we asked interested persons to submit to this Court by December 1, 1998, their comments concerning the rule as adopted. Since that date, we have held oral argument, reviewed comments and proposed changes, and otherwise considered the rule. In addition to making changes based on comments we received, this Court sua sponte has made additional substantive and technical modifications. As to Florida Rule of Criminal Procedure 3.993, which provides accompanying forms, we have amended forms (d) and (f) to conform to subdivisions (e)(2) and (e)(4) in rule 3.852, and we have made technical corrections in several of the forms. We hereby adopt the appended amendments to Florida Rules of Criminal Procedure 3.852 and 3.993 and address below the substantive changes we have made in rule 3.852.
We have added subdivision (c)(3), requiring proof of receipt, in order to assure that the record in each case is complete as to receipt of notification.
During oral argument, the necessity of indicating that duplicate production is not required became apparent. Thus, we have also added subdivision (c)(4), which exempts from production any public records previously filed in the trial court.
We have amended subdivision (d)(1) at the request of the attorney general to provide that the state attorney shall be directed to provide each law enforcement agency involved “in the investigation of the capital offense” with notification of this court’s mandate affirming the death sentence. We have clarified subdivisions (d) and (e) to indicate that time periods for further notification and production shall begin after “receipt of written notification” of this Court’s mandate.
We have clarified subdivision (d)(4) to provide that the attorney general is to “notify” all persons or agencies identified pursuant to subdivisions (d)(2) or (d)(3) that the persons or agencies are required by section 119.19(6)(b), Florida Statutes (Supp.1998), to copy, index, and deliver records to the records repository. This subdivision previously required the attorney general to “request” of the persons or agencies that public records be “copied, *641 sealed, indexed and delivered” to the repository. This change was suggested by the attorney general to clarify that the attorney general’s notification directs the persons or agencies to carry out acts that are required and are not discretionary. For further clarification we have implemented in subdivision (d)(4) the statutory mandate that the identified persons or agencies bear the costs related to copying, indexing, and delivering records to the repository.
We have amended subdivision (e)(2) at the request of the Capital Collateral Regional Counsel (Middle Region) (CCRC-M) to clarify that state attorneys shall bear the costs of copying, indexing, and delivering their records to the records repository. This change is consistent with the requirements for other agencies to bear such costs.
As to subdivision (f), concerning exempt or confidential public records, both the attorney general and CCRC suggested in oral argument that costs could be reduced if we amended the rule to provide that exempt or confidential records be transported directly to the trial court rather than initially to the records repository and then to the trial court as now provided in subdivision (f). > Although we find some merit in this approach, we decline to make this substantive amendment because section 119.19(7)(a) and (b), Florida Statutes (Supp.1998), specifically provides that exempt or confidential public records be delivered to the records repository and then, upon the entry of an appropriate court order, to the trial court. We encourage the legislature to revisit this provision and to consider whether the most efficient method of transferring this category of records would be to require that the records be transferred directly to the trial court rather than to the repository.
We do, however, modify technical aspects of subdivision (f) for purposes of clarification. First, we permit the use of “containers” rather than “boxes” for public records production in order to clarify that there may be discretionary use of containers when appropriate that are not “boxes” for storage and transportation of sealed records. Second, in response to CCRC’s raising of an issue as to the potential for ex parte communications concerning exempt or confidential records, we have removed from (f)(2) the provision as to the presence of a representative of the delivering agency at an unsealing. We leave the handling of the chain of custody of the records to the trial court, and we caution against any ex parte communications.
We have modified subdivision (h)(2) as follows (new language is indicated by underscoring; deletions are indicated by strike-through type):
(2) If on October 1, 1998, a defendant is represented by collateral counsel and has initiated the public records process, collateral counsel shall, within 90 days of after October 1, 1998, or within 90 days after the production of records which were requested prior to October 1, 1998, whichever is later, file with the trial court and serve a written demand for any additional public records that have not previously been the subject of a request for public records. The request for these records shall be treated the same as a request pursuant to subdivisions (d)(3) and (d)(4) of this rule, and the records shall be copied, indexed, and delivered to the records repository as required in subdivision (e)(5) of this rule. A- person or agency may-objeet-to-any request- under this subdivision, and the trial court shall hold a hearing and rule on the objection — within 30' days-after filing of the objection.
The preceding amendment to subdivision (h)(2) is in response to comments by CCRC indicating that issues continue to exist in respect to records requested by postconviction counsel prior to October 1, 1998, that have not been produced within the required time period for requests for additional records.
*642 We have amended subdivision (h)(3) as follows:
(3) If on October 1, 1998, the defendant-has had-a- rule-3.850 or rule 3.851 motion denied and no rule-3:850 or rule 3.851 motion is pending,- no additional public-records request under this rule is permitted by collateral -counsel until a death warrant has -been signed by the Governor and an execution has been scheduled. Within 10 days of the signing of the a defendant’s death warrant, collateral counsel may request in writing the production of public records from a person or agency from which collateral counsel has previously requested public records. A person or agency shall produce copy, index, and deliver to the records repository any public record:
(A) that was not previously the subject of an objection;
(B) that was received or produced since the previous request; or
(C) that was, for any reason, not produced previously.
The person or agency providing the records shall bear the costs of copying, indexing, and delivering such records. If none of these circumstances exist, the person or agency shall file with the trial court and the parties an affidavit stating that no other records exist and that all public records have been produced previously. A person or agency shall comply with this subdivision within 10 days from the date of the written request or such shorter time period as is ordered by the court.
We deleted the first sentence in subdivision (h)(3) because we find the sentence to be unnecessary and inappropriate. We also amended subdivision (h)(3) in order to conform this subdivision to the other subdivisions as to the payment of costs.
We have deleted subdivision (i)(l) entirely because we find it to be redundant. Thus, subdivisions (i)(2) and (i)(3) now become subdivisions (i)(l) and (i)(2), respectively. For clarification, we have modified subdivision (i)(2), now subdivision (i)(l), by adding a subdivision (D), which provides: “(D) shall be served in accord with subdivision (c)(1) of this rule.”
We have deleted subdivision (1), which precludes collateral counsel from soliciting another person to make a request for public records on behalf of a posteonvietion defendant, because this provision is not necessary or appropriate for this rule. We have replaced the deleted subdivision (l) with the following new subdivision (l), which contains the following provisions as to scope of production and resolution of production issues:
(l)Scope of Production and Resolution of Production Issues.
(1) Unless otherwise limited, the scope of production under any part of this rule shall be that the public records sought are not privileged or immune from production and are either relevant to the subject matter of the proceeding under rule 3.850 or rule 3.851 or are reasonably calculated to lead to the discovery of admissible evidence.
(2) Any objections or motions to compel production of public records pursuant to this rule shall be filed within 30 days after the end of the production time period provided by this rule. Counsel for the party objecting or moving to compel shall file a copy of the objection or motion directly with the trial court. The trial court shall hold a hearing on the objection or motion on an expedited basis.
(3) The trial court may order mediation for any controversy as to public records production pursuant to this rule in accord with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, 1,730, or the trial court may refer any such controversy to a master in accord with Florida Rule of Civil Procedure 1.490.
We intend for this rule to serve as a basis for providing to the postconviction process all public records that are relevant or would reasonably lead to documents that are relevant to postconviction issues. *643 We emphasize that it is our strong intent that there be efficient and diligent production of all of the records without objection and without conflict, and it is further our intent to discourage the abuse of the production process and the trial court with public records production issues which should be able to be resolved by good faith discussion by the producing agencies and counsel for the postconviction defendant. The courts should expeditiously resolve any disputes as to what documents must be produced. Counsel are required to make good faith efforts to resolve such disputes. We believe that mediation may serve to resolve these disputes, and we also urge the use of masters for dispute resolution.
We have amended subdivision (m) as follows:
(m) Destruction of Records Repository Records. Sixty days after a capital sentence is carried out, after the a defendant is released from incarceration following the granting of a pardon or reversal of the sentence, or after the a defendant has been resentenced to a term of years, the attorney general shall provide written notification of this occurrence to the Ssecretary of {¡¡state, who with service in accord with subdivision (c)(1). After the expiration of the 60 days, the secretary of state may then destroy the copies of the records held by the records repository that pertain to that case, unless an objection to the destruction is filed in the trial court and served upon the secretary of state and in accord with subdivision (c)(1). If no objection has been served within the 60-day period, the records may then be destroyed. If an objection is filed, the records shall not be destroyed until a final disposition of the objection.
We made the preceding amendment to provide persons or agencies required to be served in subdivision (c)(1) with sufficient notice of the pending destruction of records pursuant to section 119.19(13), Florida Statutes, an opportunity to object in order to preserve such records in the repository for another purpose.
As we stated in our decision adopting our now-repealed rule 3.852, this rule is a discovery rule for public records production ancillary to proceedings pursuant to rules 3.850 and 3.851. In re Amendment to Florida Rules of Criminal Procedure-Capital Postconviction Public Records Production, 683 So.2d 475, 476 (Fla.1996). The time requirements of the rule pertain only to documents that are sought for use in these postconviction proceedings. Id. Rule of Criminal Procedure 3.852 is not a rule of evidence. Id. Any public record that a postconviction defendant offers into evidence in a postconviction proceeding shall be admitted on the basis of the applicable law of evidence. Id.
Accordingly, Florida Rules of Criminal Procedure 3.852 and 3.993 are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by strike-through type. These amendments shall become effective on the date this opinion is filed. By this adoption of the rules we express no opinion on the substance of the rules or section 119.19, Florida Statutes (Supp.1998), or the merits of any matter concerning the rules or statute. We continue to remain open to suggested changes in rules 3.852 and 3.993, the need for which may become apparent from implementation of the rules.
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., and OVERTON, Senior Justice, concur.
APPENDIX
Rule 3.852 Capital Postconviction Public Records Production.
(a) Applicability and Scope.
(1) This rule is applicable only to the production of public records for capital postconviction defendants and does not change or alter the time periods specified *644 in Florida Rules of Criminal Procedure 3.850 and 3.851. Furthermore, this rule does not affect, expand, or limit the production of public records for any purposes other than use in a proceeding held pursuant to rule 3.850 or rule 3.851.
(2) This rule shall not be a basis for renewing requests that have been initiated previously or for relitigating issues pertaining to production of public records upon which a court has ruled prior to October 1,1998.
(3) This rule is to be used in conjunction with the forms found at rule Florida Rule of Criminal Procedure 3.993.
(b)Definitions.
(1) “Public records” has the meaning set forth in section 119.011(1), Florida Statutes (1997).
(2) “Trial court” means:
(A) the judge who imposed the sentence of death; or
(B) the judge assigned by the chief judge.
(3) “Records repository” means the location designated by the ¡¡[secretary of Sstate pursuant to section 119.19(2), Florida Statutes (Supp.1998), for archiving capital postconviction public records.
(4) “Collateral counsel” means a capital collateral regional counsel from one of the three regions in Florida; a private attorney who has been appointed to represent a capital defendant for postconviction litigation; or a private attorney who has been hired by the capital defendant or who has agreed to work pro bono for a capital defendant for postconviction litigation.
(5) “Agency” and “person” mean an entity or individual as defined in section 119.011(2), Florida Statutes (1997), that is subject to the requirements of producing public records for inspection under section 119.07(l)(a), Florida Statutes (1997).
(6) “Index” means a list of the public records included in each box container of public records sent to the records repository.
(c) Filing and Service.
(1) The original of all notices, requests, or objections filed under this rule must be filed with the clerk of the trial court. Copies must be served on the trial court, the attorney general, the state attorney, collateral counsel, and any affected person or agency, unless otherwise required by this rule.
(2) Service shall be made pursuant to rule Florida Rule of Criminal Procedure 3.030(b).
(3) In all instances requiring written notification or request, the party who has the obligation of providing a notification or request shall provide proof of receipt-
id) Persons and agencies receiving post-conviction public records notifications or requests pursuant to this rule are not required to furnish records filed in a trial court prior to the receipt of the notice.
(d) Action Upon Issuance of Mandate.
(1) Within 15 days after receiving written notification of the Supreme Court of Florida^ issues-a mandate affirming the sentence of death, the attorney general shall file with the trial court a written notice of the mandate and serve a copy of it upon the state attorney who prosecuted the case, the Department of Corrections, and the defendant’s trial counsel. The notice to the state attorney shall direct the state attorney to submit public records to the records repository within ninety 90 days after receipt of written notification and to notify each law enforcement agency involved in the ease investigation of the capital offense to submit public records to the records repository within 90 days after receipt of written notification. The notice to the Department of Corrections shall direct the department to submit public records to the records repository within 90 days after receipt of written notification.
(2) Within 90 days after receiving written notification of issuance of the Supreme *645 Court of Florida’s mandate affirming a death sentence, the state attorney shall provide written notification to the attorney general of the name and address of any additional person or agency that has public records pertinent to the case.
(3) Within 90 days after receiving written notification of issuance of the Supreme Court of Florida’s mandate affirming a death sentence, the defendant’s trial counsel shall provide written notification to the attorney general of the name and address of any person or agency with information pertinent to the case which has not previously been provided to collateral counsel.
(4) Within 15 days after receiving written notification of any additional person or agency pursuant to subdivisions (d)(2) or (d)(3) of this rule, the attorney general shall request all public records in-the-possession-of -each additional person or agency wfaich-pertain to-the case be copied, sealed, indexed, and delivered to the records repository. notify all persons or agencies identified pursuant to subdivisions (d)(2) or (d)(3) that these persons or agencies are required by section 119.19(6)(b), Florida Statutes (Supp.1998), to copy, index, and deliver to the records repository all public records pertaining to the case that are in their possession. The person or agency shall bear the costs related to copying, indexing, and delivering the records.
(e) Action Upon Receipt of Notice of Mandate.
(1) Within 15 days after receipt of a written notice of the mandate from the attorney general of the mandate, the state attorney shall provide written notification to each law enforcement agency involved in the specific case to submit public records to the records repository within 90 days after receipt of written notification. A copy of the notice shall be served upon the defendant’s trial counsel.
(2) Within 90 days after receipt of a written notice of the mandate from the attorney general, the state attorney shall copy, seal, index, and deliver to the records repository all public records that were produced in the state attorney’s investigation or prosecution of the case except for those filed in the trial-court. The state attorney shall bear the costs. The state attorney shall also provide written notification to the attorney general of compliance with this section, including certifying that, to the best of the state attorney’s knowledge or belief, all public records in the state attorney’s possession have been copied, sealed, indexed, and delivered to the records repository as required by this rule.
(3) Within 90 days after receipt of a written notice written notification of the mandate from the attorney general, the Department of Corrections shall copy, seal* index, and deliver to the records repository all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851, unless production of any such copying, sealing,- indexing, and delivering would be unduly burdensome. The department shall bear the costs. The ©secretary of the ©department shall provide written notification to the attorney general of compliance with this section certifying that, to the best of the ©secretary of the ©department’s knowledge or belief, all such public records in the possession of the ©secretary of the ©department have been copied, sealed; indexed, and delivered to the records repository.
(4) Within 90 days after receipt of the written notification of the mandate from the state attorney, a law enforcement agency shall copy,-seal-,- index, and deliver to the records repository all public ree-ords, except for those filed in the trial court, which were produced in the investigation or prosecution of the case. Each agency shall bear the costs of copying, sealing, indexing, and delivering the public records. The chief law enforcement officer of each law enforcement agency shall provide written notification to the attorney general of compliance with this section in- *646 ,. eluding certifying that, to the best of the chief law enforcement officer’s knowledge or belief, all such public records in possession of the agency or in possession of any 'employee of the agency, have been copied, sealed7 indexed, and delivered to the records repository.
(5) Within 90 days after receipt of written notification of the mandate from the attorney general receiving a request for public records, each additional person or agency identified pursuant to subdivision (d)(2) or (d)(3) of this rule shall copy, index, and deliver to the records repository all public records which were produced during the prosecution of the case. The person or agency shall bear the costs. The person or agency shall provide written notification to the attorney general of compliance with this subdivision and shall certify, to the best of the person or agency’s knowledge and belief, all such public records in the possession of the person or agency requested have been copied, sealed, indexed, and delivered to the records repository.
(f) Exempt or Confidential Public Records.
(1) Any public records delivered to the records repository pursuant to these rules that are confidential or exempt from the requirements of section 119.07(1), Florida Statutes, or article I, section 24(a), Florida Constitution, must be separately boxed contained, without being redacted, and sealed. The outside of the box container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court. The outside of the box container must identify the nature of the public records and the legal basis for the exemption.
(2) Upon the entry of an appropriate court order, sealed boxes containers subject to an inspection by the trial court shall be shipped to the clerk of court. The boxes containers may be opened only for inspection by the trial court in camera and only — 'with a representative of the agency present-at the unsealing by the court. The moving party shall bear all costs associated with the transportation and inspection of such records by the trial court. The trial court shall perform the unsealing and inspection without ex parte communications and in accord with procedures for reviewing sealed documents.
(g) Upon Designation of Collateral Counsel.
(1) Within 90 days after collateral counsel is appointed, retained, or appears pro bono, such counsel shall send a written demand for additional public records to each person or agency submitting public records or identified as having information pertinent to the case under subdivision (d) of this rule.
(2) Within 90 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency’s knowledge and belief that all additional public records have been delivered to the records repository or, if no additional public records are found, shall recertify that the public records previously delivered are complete.
(S) Within 60 days of receipt of the written demand, any person or agency may file with the trial court an objection to the written demand described in subdivision (g) (1). The trial court shall hold a hearing and issue a ruling within 30 days after the filing of any objection, ordering a person or agency to produce additional public records if the court determines each of the following exists:
(A) Collateral counsel has made a timely and diligent search as provided in this rule.
(B) Collateral counsel’s written demand identifies, with specificity, those *647 additional public records that are not at the records repository.
(C) The additional public records sought are relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851, or appear reasonably calculated to lead to the discovery of admissible evidence.
(D) The additional public records request is not overly broad or unduly burdensome.
(h) Cases in Which Mandate was Issued Prior to Effective Date of Rule.
(1) If the mandate affirming the a defendant’s conviction and sentence of death was issued prior to October 1,1998, and no initial public records requests have been made by collateral counsel by that date, the attorney general and the state attorney shall file notifications with the trial court as required by subdivisions (d) and (e) of this rule.
(2) If on October 1, 1998, a defendant is represented by collateral counsel and has initiated the public records process, collateral counsel shall, within 90 days of after October 1, 1998, or within 90 days after the production of records which were requested prior to October 1, 1998, whichever is later, file with the trial court and serve a written demand for any additional public records that have not previously been the subject of a request for public records. The request for these records shall be treated the same as a request pursuant to subdivisions (d)(3) and (d)(4) of this rule, and the records shall be copied, indexed, and delivered to the repository as required in subdivision (e)(5) of this rule. A person or agency may object to any request under this- -subdivision, and the trial court shall rule on the objection within 30 days after filing of the objection.
(3) -If on October — U 1998, the defendant has-had a rule 3.850-or-r-ule 3.851 motion denied and-no rule 3.850 or rule 3.-851 motion is pending, no additional public records-request under-this-rule is permitted-by collateral counsel until a death-warrant has- been signed by-the- Governor and an execution has been-nscheduled;- Within 10 days of the signing of the a defendant’s death warrant, collateral counsel may request in writing the production of public records from a person or agency from which collateral counsel has previously requested public records. A person or agency shall produce copy, index, and deliver to the repository any public record:
(A) that was not previously the subject of an objection;
(B) that was received or produced since the previous request; or
(C) that was, for any reason, not produced previously.
The person or agency providing the records shall bear the costs of copying, indexing, and delivering such records. If none of these circumstances exist, the person or agency shall file with the trial court and the parties an affidavit stating that no other records exist and that all public records have been produced previously. A person or agency shall comply with this subdivision within 10 days from the date of the written request or such shorter time period as is ordered by the court.
(4)In all instances in subdivision (h) which require written notification the receiving party shall provide proof of receipt by return mail or other carrier.
(i) Limitation on Postproduction Request for Additional Records.
(1) Collateral counsel is barred --from making any further public records request under this rule upon:
(A) the production by a person — or agency of all public records;
(B) the production by a person — or agency of any additional public records; or
(C) the recertification by a person-or agency that all public records have been transmitted to the records repository.
*648 A person or agency — is—not required to produce - any further records unless ordered-to-do so by-the-tml-court.-
{2} (1) In order to obtain public records in addition to those provided by this rule under subdivisions (e), (f), (g), and (h) of this rule, collateral counsel shall file an affidavit in the trial court which:
(A) attests that collateral counsel has made a timely and diligent search of the records repository; and
(B) identifies with specificity those public records not at the records repository; and
(C) establishes that the additional public records are either relevant to the subject matter of the postconviction proceeding or are reasonably calculated to lead to the discovery of admissible evidence-; and
(D) shall be served in accord with subdivision (c)(1) of this rule.
{3} (2) Within 30 days after the affidavit of collateral counsel is filed, the trial court shall order a person or agency to produce additional public records only upon finding each of the following:
(A) collateral counsel has made a timely and diligent search of the records repository;
(B) collateral counsel’s affidavit identifies with specificity those additional public records that are not at the records repository;
(C) the additional public records sought are either relevant to the subject matter of a proceeding under rule 3.850 or rule 3.851 or appear reasonably calculated to lead to the discovery of admissible evidence; and
(D) the additional records request is not overly broad or unduly burdensome.
(j) Copying of Public Records. Collateral counsel shall provide the personnel, supplies, and any necessary equipment to copy records held at the records repository.
(k) Authority of the Court. In proceedings under this rule the trial court may:
(1) compel or deny disclosure of records;
(2) conduct an in-camera inspection;
(3) extend the times in this rule upon a showing of good cause;
(4) impose sanctions upon any party, person, or agency affected by this rule including initiating contempt proceedings, taxing expenses, extending time, ordering facts to be established, and granting other relief; and
(5) resolve any dispute arising under this rule unless jurisdiction is in an appellate court.
(il) Requests — by—Others—Precluded, Collateral-counsel shall not solicit another person to make a request for public records on behalf of the capital-posteonviction defendant. — T-he trial court shall impose appropriate sanctions-agaiust any collateral-counsel-violating this subdivision.
(l)Scope of Production and Resolution of Production Issues.
(1) Unless otherwise limited, the scope of production under any part of this rule shall be that the public records sought are not privileged or immune from production and are either relevant to the subject matter of the proceeding under rule 3.850 or rule 3.851 or are reasonably calculated to lead to the discovery of admissible evidence.
(2) Any objections or motions to compel production of public records pursuant to this rule shall be filed within 30 days after the end of the production time period provided by this rule. Counsel for the party objecting or moving to compel shall file a copy of the objection or motion directly with the trial court. The trial court shall hold a hearing on the objection or motion on an expedited basis.
(3) The trial court may order mediation for any controversy as to public records production pursuant to this rule in accord with Florida Rules of Civil Procedure 1.700, 1.710, 1.720, 1.730, or the trial court *649 may refer any such controversy to a master in accord with Florida Rule of Civil Procedure 1,490.
(m) Destruction of Records Repository Records. Sixty days after a capital sentence is carried out, after the a defendant is released from incarceration following the granting of a pardon or reversal of the sentence, or after the a defendant has been resentenced to a term of years, the attorney general shall provide written notification of this occurrence to the Ssecre-tary of Sstate, who with service in accord with subdivision (c)(1). After the expiration of the 60 days, the secretary of state may then destroy the copies of the records held by the records repository that pertain to that case, unless an objection to the destruction is filed in the trial court and served upon the secretary of state and in accord with subdivision (c)(1). If no objection has been served within the 60-day period, the records may then be destroyed. If an objection is served, the records shall not be destroyed until a final disposition of the objection.
Rule 3.993. Forms Related to Capital Postconviction Records Production
(a) Notice to State Attorney of Affir-mance of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE TO STATE ATTORNEY OF AFFIRMANCE OF DEATH PENALTY
TO: _
[name of state attorney and circuit]
The Attorney General of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the_day of_,_, the Florida Supreme Court issued its mandate affirming the death sentence in this case.
Within 15 days of receipt of this notice, you should provide written notice to each law enforcement agency involved in this case.
Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case, should copy; seal; index, and deliver to the records repository of the Secretary of State all public records, except fer-those previously filed in the trial court, which that were produced in the investigation or prosecution of this case.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of state attorney], and_[name of trial counsel for defendant], this __day of_,
[[Image here]]
[name and address of attorney general]
(b) Notice to Secretary of Department of Corrections of Affirmance of Death Penalty.
In the Circuit Court of the_
Judicial Circuit, in and for__
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE TO SECRETARY OF DEPARTMENT OF CORRECTIONS OF AFFIRMANCE OF DEATH PENALTY
TO: _
[name of Secretary of Department of Corrections]’
*650 The Attorney General of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(d)(1), gives notice that on the_day of_, —, the Florida Supreme Court issued its mandate affirming the death sentence in this case.
Within 90 days after receipt of this notice, you should copy, se&b index, and deliver to the records repository of the Secretary of State all public records determined by your department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851 unless the production of such these records would be unduly burdensome.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on ____[name of trial court],_[name of Secretary of Department of Corrections], and _[name of trial counsel for defendant], this_day of_,___
[[Image here]]
[name and address of attorney general]
(c) Notice by State Attorney to Law Enforcement Agency.
In the Circuit Court of the_
Judicial Circuit, in and for___
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF AFFIRMANCE OF DEATH PENALTY AND TO PRODUCE PUBLIC RECORDS
TO: _
[name of chief law enforcement officer]
The State Attorney of the_Ju-dicial Circuit of the State of Florida, pursuant to Florida Rule of Criminal Procedure 3.852(e)(1), hereby gives notice to _[name of chief law enforcement officer and agency], that was involved in this case by investigation, arrest, prosecution, or incarceration, that on the _day of_,_, the Florida Supreme Court issued its mandate affirming the death sentence in this ease.
Within 90 days after receipt of this notice, you and each law enforcement agency involved in this case should copy, seab index, and deliver to the records repository of the Secretary of State all public records, except those filed in the trial court, which were produced in the investigation, arrest, prosecution, or incarceration of this case.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court],_[name of chief law enforcement officer], _[name of attorney general], and_[name of collateral counsel], this _ day of
[[Image here]]
[name and address of state attorney]
(d) Notice of Compliance by State Attorney.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY STATE ATTORNEY
TO: _
[name and address of attorney general]
*651 The State Attorney for the - Judicial Circuit gives notice to the Attorney General of compliance by delivery of public records involving this ease to the records repository of the Secretary of State. To the best of my knowledge and belief, all public records in my possession, except those previously filed in the trial court were produced in the investigation or prosecution of the case, have been copied, sealed, indexed, and delivered to the records repository of the Secretary of State as required by Florida Rule of Criminal Procedure 3.852(e)(2).
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of attorney general], and_[name of collateral counsel], this_day of_,_
[[Image here]]
[name and address of state attorney]
(e) Notice of Compliance by the Secretary of the Department of Corrections.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY THE SECRETARY OF THE DEPARTMENT OF CORRECTIONS
TO: _
[name and address of attorney general]
The Secretary of the Department of Corrections, having received notice of the affirmance of the death penalty in this case from the Attorney General on the_day of _, _, hereby gives notice and certifies that, to the best of my knowledge and belief, all public records determined by the Department to be relevant to the subject matter of a proceeding under Florida Rule of Criminal Procedure 3.850 or 3.851, except those previously filed in the trial court, have been copied, sealed^ indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of attorney general], _[name of state attorney], and_[name of collateral counsel], this _day of_,_
[[Image here]]
[name and address of Secretary of Department of Corrections]
(f) Notice of Compliance by Law Enforcement Agency.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY LAW ENFORCEMENT AGENCY
TO: _
[name and address of attorney general]
_[name of chief law enforcement officer and agency] that was involved in this case by an investigation, arrest, prosecution, or incarceration, hereby gives notice to the Attorney General of compliance by delivery of public records involving this case to the records repository of the Secretary of State. I further certify that, to the best of my knowledge and belief, all public records in possession of this agency or in the possession of any *652 employee of this agency, except those previously filed in the trial court that were produced in the investigation or prosecution of the case, have been copied, sealed7 indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of attorney general], _[name of state attorney], and_[name of collateral counsel], this _ day of-,-
[[Image here]]
[name and address of chief law enforcement officer]
(g) Notice to Attorney General of Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
STATE ATTORNEY’S NOTICE TO ATTORNEY GENERAL OF PERTINENT INFORMATION
TO: _
[name and address of attorney general]
The undersigned_[name of state attorney] hereby gives notice to the Attorney General of the following name(s) and address(es) of any person or agency having information pertinent to this case in addition to those persons and agencies who previously furnished public records to the records repository of the Secretary of State:
[list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records pertaining to this case, except those previously filed in the trial court, to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of attorney general], and_[name of public defender or defense counsel], this__ day of-,-
[[Image here]]
[name and address of state attorney]
(h) Notice to Attorney General of Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
TRIAL COUNSEL’S NOTICE TO ATTORNEY GENERAL OF PERTINENT INFORMATION
TO: _
[name and address of attorney general]
The undersigned-[name of public defender or other counsel], for _[name of defendant], hereby gives notice to the Attorney General of the following name(s) and address(es) of persons or agencies in addition to those previously furnished to collateral counsel which may have information pertinent to this case.
*653 [list names and addresses of persons or agencies]
Please provide prompt written notification to each identified person or agency of their duty to deliver all such public records pertaining to this case, except those previously filed in the trial court, to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of attorney general], and_[name of state attorney], this_day of_, 19_
[[Image here]]
[name and address of trial counsel]
(i) Notice by Attorney General to Person or Agency Having Pertinent Information.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE BY ATTORNEY GENERAL TO PERSON OR AGENCY HAYING PERTINENT INFORMATION
TO: _
[name and address of person or agency]
Pursuant to Florida Rule of Criminal Procedure 3.852(d)(2), the undersigned has been notified by_[name of trial counsel or state attorney], that you have public records pertinent to this case. Pursuant to the provisions of rule 3.852(e)(5), you must:
1. Within 90 days of receipt of this notice, copy, seah index, and deliver to the records repository of the Secretary of State all public records in your possession wMeh-are pertinent to this case, except those previously filed in the trial court; and
2. Provide written notice to me that you have complied with these provisions.
I HEREBY CERTIFY that a true and correct copy of the pleading has been served on_[name of person or agency] and _[name of trial court], this_day of_.,_
[[Image here]]
[name and address of attorney general]
(j) Notice of Compliance by Person or Agency.
In the Circuit Court of .the_
Judicial Circuit, in and for___
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF COMPLIANCE BY PERSON OR AGENCY
TO: _
[name and address of attorney general]
The undersigned, pursuant to Florida Rule of Criminal Procedure 3.852(e)(5), having received notice from the Attorney General on the _day of_, _, to copy, seal? index, and deliver all public records in my possession or in the possession of the undersigned agency to the records repository of the Secretary of State, hereby gives notice to the Attorney General and further certifies that, to the best of my knowledge and belief, all such of these public records in my possession or in the possession of the undersigned agency per- *654 taming to this case, except those previously filed in the trial court, to the best of my knowledge and belief, have been copied, indexed, and delivered to the records repository of the Secretary of State.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of attorney general], _[name of state attorney], and_[name of collateral counsel], this — day of-,-
[[Image here]]
[name and address of person or agency]
(k) Defendant’s Demand for Production of Additional Public Records Pertaining to Defendant’s Case.
In the Circuit Court of the-
Judicial Circuit; in and for._
County, Florida
Case No-
Division_
State of Florida, Plaintiff, v. Defendant.
DEFENDANT’S DEMAND FOR ADDITIONAL PUBLIC RECORDS PERTAINING TO DEFENDANT’S CASE
TO: _’_
[name and address of person or agency]
The defendant, by and through undersigned counsel, hereby makes demand of _[name of person or agency submitting public records], pursuant to Florida Rule of Criminal Procedure 3.852®, for additional public records pertinent to this case.
1.Undersigned counsel represents that, after a timely and diligent search, the records specifically described below:
(a) are relevant to a pending proceeding pursuant to rule 3.850; or
(b) appear reasonably calculated to lead to the' discovery of admissible evidence; and
(c) have not previously been obtained in discovery or from a previous public records request from either the above-named person or agency or any other; and
(d) are not presently available from the public records repository.
2. The public records requested are as follows:
[list public records requested]
3. Pursuant to rule 3.852, any objection to production, including any claim of exemption, must be filed with the trial court and served upon all counsel of record within 60 days of receipt of this demand, or such objection will be deemed waived.
4. Pursuant to rule 3.852, you shall, within 90 days after receipt of this demand:
(a) copy, sealy index, and deliver to the records repository of the Secretary of State any additional public records in the possession of your agency which that pertain to this case; and
(b) certify that, to the best of your knowledge and belief, all additional public records have been delivered to the records repository of the Secretary of State; and
(c) recertify that the public records previously delivered are complete if no additional public records are found.
[[Image here]]
[name of attorney for defendant]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of person or agency], _[name of attorney general], and_[name of state attorney], this_day of_,-
*655 [[Image here]]
[name and address of attorney for defendant]
(i) Objection to Defendant’s Request for Production of Additional Public Records Pertaining to Defendant’s Case and Motion for Hearing.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
OBJECTION TO DEFENDANT’S REQUEST FOR PRODUCTION OF ADDITIONAL PUBLIC RECORDS PERTAINING TO
DEFENDANT’S CASE AND MOTION FOR HEARING
The undersigned person or agency, having received defendant’s demand for production of additional public records pertaining to defendant’s case on the_day of_, _, hereby files this objection and respectfully moves the court to hold a hearing to determine if the requirements of rule 3.852 ___ have been met. The grounds for this objection are:
[state specify grounds and identify records ]
Respectfully submitted,
[[Image here]]
[name of attorney]
Attorney for_
[name of person or agency]
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court],_[name of attorney for defendant], and_[name of attorney general], this_day of._,_
[[Image here]]
[name of attorney]
(m) Notice of Delivery of Exempt Public Records to Records Repository.
In the Circuit Court of the_
Judicial Circuit, in and for____
County, Florida
Case No_
Division_
State of Florida, Plaintiff, v. Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC
RECORDS TO RECORDS REPOSITORY
TO: Records Repository
[[Image here]]
[address of records repository]
The undersigned,_[name of person or agency], hereby gives notice to the records repository of the Secretary of State that certain delivered records are confidential or exempt from the requirements of section 119.07(1), Florida Statutes. These public records have been separately boxed contained without being redacted, sealed, and the nature of the public records and the legal basis under which the public records are exempt have has been identified.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court], _[name of records repository], _[name of attorney general], _[name of state attorney], and _[name of collateral counsel], this_day of_,_
[[Image here]]
[name and address of person or agency]
*656 (n) Order to Deliver Exempt Public Records to the Clerk of Circuit Court.
In the Circuit Court of the__
Judicial Circuit, in and for___
County, Florida
Case No.___
Division_
State of Florida, Plaintiff, v. Defendant.
ORDER TO DELIVER EXEMPT PUBLIC RECORDS
TO: Records Repository
[[Image here]]
[address of records repository]
This court having received notice on the _day of_,_., that certain records for which a claim of confidentiality or exemption from disclosure has been claimed have been copied, indexed, separately boxed contained without being redacted, sealed, identified as to their nature and the legal basis for their confidentiality or exemption, and delivered to the records repository of the Secretary of State, it is ordered that said records be delivered to _[name of clerk of circuit court] for further proceedings consistent with Florida Rule of Criminal Procedure 3.852(f). _[name of moving party] shall bear all costs associated with the transportation and inspection of said records by the trial court.
DONE AND ORDERED in _ County, Florida, this _ day of _,
[[Image here]]
Judge
(o) Notice of Delivery of Exempt Public Records to the Clerk of Circuit Court.
In the Circuit Court of the_
Judicial Circuit, in and for_
County, Florida
Case No_
Division__
State of Florida, Plaintiff, v. Defendant.
NOTICE OF DELIVERY OF EXEMPT PUBLIC RECORDS TO CLERK OF CIRCUIT COURT
TO: _
[name and address of clerk of circuit court]
The Secretary of State, by and through the undersigned, having received an appropriate court order pursuant to rule 3.852, hereby gives notice that the sealed box(es) container(s) containing of exempt public records have/has has/have been shipped to the above-listed clerk of circuit court. Pursuant to the provisions of Florida Rule of Criminal Procedure 3.852(f)(2),' these public records may only be opened only for an inspection by the trial court in camera and only with a representative of-the agen-
cy present at the unsealing by the court.
I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on _[name of trial court],_[name of clerk of circuit court],_[name of attorney general], and_[name of collateral counsel], this_day of_, 49_
[[Image here]]
[name of secretary of state]
By: -
[name of representative of secretary of state]