763 So.2d 273 (2000)
In re RULES GOVERNING CAPITAL POSTCONVICTION ACTIONS.
No. SC00-242.
Supreme Court of Florida.
February 7, 2000.
Rehearing Denied April 14, 2000.

ORDER
The Death Penalty Reform Act of 2000 (the Act)[1] establishes new procedures governing actions for capital postconviction relief. See Ch.2000-3, §§ 8 & 9, at 21-25, Laws of Fla. (creating §§ 924.058 & .059, Fla. Stat.). In so doing, the Act repeals Rules 3.851 and 3.852 in their entirety, as well as Rule 3.850 to the extent it is inconsistent with the Act, see id. at section 10, at 25, and provides that the statutory procedures shall apply to actions for capital postconviction relief commencing after the effective date of the Act "unless and until such procedures are revised by rule or rules adopted by the Florida Supreme Court." Id. at §§ 8 & 9, at 21-25 (creating §§ 924.058 & .059, Fla. Stat.).
Since the Act's January 14, 2000, effective date, the Court has received a number of challenges regarding the constitutionality of the Act and the procedures contained thereunder.[2] For example, procedural questions have arisen concerning the appointment of counsel for death-sentenced defendants whose appeals were pending prior to the effective date of the Act, as well as the procedures that apply to such defendants. Similarly, questions have arisen as to what procedures apply to defendants who had postconviction actions pending on the effective date. Procedural questions concerning the disclosure of public records also have been raised. In sum, there is confusion among lawyers and judges relative to which rules of criminal procedure are applicable.
In response to the Legislature's invitation to adopt new rules, the Court is considering the proposal of the Committee on Postconviction Relief in Capital Cases on an expedited basis and will be hearing oral arguments on Tuesday, March 14, 2000.[3] On the same date, the Court will hear oral arguments on petitions filed by the Capital Collateral Regional Counsel for the Northern *274 and Southern Regions, and joined in by Registry Counsel,[4] challenging the Act.[5] Additionally, on that day the Court will hear arguments on issues raised on behalf of numerous death-sentenced defendants by the Public Defenders for the Second and Seventh Judicial Circuits.
In the interest of proper and orderly processing of postconviction proceedings in capital cases, interim procedures governing these proceedings need to be adopted. This will allow the Court to consider, study, and determine issues related to proposed new rules for such proceedings which have been recommended by the Committee on Postconviction Relief in Capital Cases, appointed by the Chief Justice, and chaired by Judge Stan Morris. In light of our concern that confusion and uncertainty in capital postconviction proceedings will result in delays in the processing of these proceedings, we conclude that until we have had an opportunity to consider, study, and determine issues in respect to the rule proposed by the Morris Committee and the constitutional challenges to the newly enacted legislation, it is in the best interest of the continued processing of postconviction proceedings that the procedures which have applied to these proceedings continue to apply to them during this period of deliberation by this Court.
Therefore, this Court readopts Rules 3.850, 3.851, and 3.852 as they existed prior to the effective date of the Act.[6] The rules readopted herein shall prevail and shall govern all actions for capital postconviction relief until June 30, 2000, or such time as the Court adopts new rules, whichever occurs first. The rules readopted in this order shall be effective nunc pro tunc January 14, 2000.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] See Ch. 2000-3, Laws of Fla.
[2] Specifically, Capital Collateral Regional Counsel for the Northern and Southern Regions have each filed a petition challenging the Act. See Mark James Asay, et al., v. Robert A. Butterworth, et al., Case No. SC00-154 (Northern Region filing a "Petition for Writs of Mandamus and Prohibition and Other Extraordinary Relief and Petition Invoking This Court's All-Writs Jurisdiction"); Lloyd Chase Allen, et al., v. Robert A. Butterworth, etc., et al., Case No. SC00-113 (Southern Region filing an "Emergency Petition for Writ of Prohibition, to Invoke This Court's All Writs Jurisdiction, Motion to Declare Unconstitutional The `Death Penalty Reform Act of 2000,' With Request for Immediate Temporary Injunctive Relief, Further Briefing, and Oral Argument"); see also id. (collateral counsel appointed through the Commission on Capital Cases ("the Registry") filing, on behalf of Leonaro Franqui, a motion to join the Southern Region's emergency petition. The motion to join has been granted.). Also, the Middle Region has filed a motion to join the petitions filed by the Northern and Southern Regions.

Additionally, the Public Defender for the Second Judicial Circuit, thus far, has filed ten challenges to the Act, all entitled "Motion, or Alternatively, Petition for Extraordinary Relief, to Stay Application of the Death Penalty Reform Act of 2000, to Toll Potentially Applicable Deadlines in the Act, and to Declare the Act Unconstitutional Facially or as Applied." See Kormondy v. State, Case No. SC96197; Jones v. State, Case No. SC90664; Lukehart v. State, Case No. SC90507; Morrison v. State, Case No. SC94666; Perry v. State, Case No. SC96499; Miller v. State, Case No. SC93792; Jackson v. State, Case No. SC93925; Zack v. State, Case No. SC92089; Bowles v. State, Case No. SC96732; and Booker v. State, Case No. SC93422. An Assistant Public Defender for the Seventh Judicial Circuit has filed a "Motion to Declare Section 27.51(5), Florida Statutes (2000) Unconstitutional on its Face and as Applied." Farina v. State, Case No. SC93907.
[3] Oral argument has been set for Amendment to Florida Rule of Criminal Procedure 3.851, Case No. SC96646.
[4] Collateral counsel appointed through the Commission on Capital Cases ("the Registry") has filed, on behalf of Leonardo Franqui, a motion to join the Southern Region's emergency petition. The motion to join has been granted.
[5] Oral argument has been set for Lloyd Chase Allen, et al., v. Robert A. Butterworth, etc., et al., Case No. SC00-113; Mark James Asay, et al., v. Robert A. Butterworth, et al., Case No. SC00-154.
[6] We have jurisdiction. Art. V, § 2(a), Fla. Const.