# Supreme Court of Florida

_____

No. SC13-2295
_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL
PROCEDURE 3.852.**

[April 24, 2014]
<u>**CORRECTED OPINION**</u>

PER CURIAM.

The Court, on its own motion, amends Florida Rule of Criminal Procedure
3.852 to require the Florida Department of Corrections to provide a copy of a
defendant's medical, psychological, or psychiatric records to the capital
postconviction defendant's counsel of record when providing a copy of such
records to the records repository as required by subdivisions (e)(3) and (g)(2) of
rule 3.852. This amendment is necessary because the current procedure by which a
capital postconviction defendant may obtain his or her medical, psychological, or
psychiatric records from the Department causes delay and is burdensome and

inefficient.[1]  We have jurisdiction.  See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(d).

Rule 3.852 is a discovery rule for public records production ancillary to proceedings pursuant to rule 3.851.  Amends. to Fla. Rules of Crim. Pro. 3.852 (Capital Postconviction Pub. Records Prod.) and Rule 3.993 (Related Forms), 754 So. 2d 640, 643 (Fla. 1999).  The Court first promulgated rule 3.852 on its own motion in 1996 as part of the Court's ongoing efforts to improve the capital postconviction process and to eliminate unnecessary delay.  The rule's promulgation was "in response to the Court's study of problems with procedures pertaining to the production of public records in capital postconviction

---

1. This problem with the rule 3.852 procedure came to the Court's attention in Fla. Dep't of Corrs. v. Haliburton, Case No. SC12-1090, wherein the Department of Corrections was ordered by the trial court to provide a copy of the defendant's medical and psychiatric records directly to the defendant's collateral counsel.  The Department of Corrections objected to the trial court orders, contending that the trial courts failed to follow the dictates of rule 3.852, and consequently, departed from the essential requirements of law.  By separate order, the Court today denied the Department's petition for review.  Fla. Dep't of Corrections v. Haliburton, No. SC12-1090 (Fla. Order filed April 24, 2014).

2

proceedings." See In re Amends. to Fla. Rules of Crim. Pro.—Capital Postconviction Public Records Production, 683 So. 2d 475 (Fla. 1996).[2]

Rule 3.852 requires that the Attorney General provide written notification of the Court's mandate affirming a sentence of death to the state attorney who prosecuted the case, the Florida Department of Corrections, and the defendant's trial counsel. Fla. R. Crim. P. 3.852(d)(1). The Attorney General's notice directs the state attorney and the Department of Corrections to submit public records—records pertaining to the investigation of the homicide or records relevant to the subject matter of a proceeding under rule 3.851, as applicable—to the records repository[3] within ninety days after receipt of the notification. Id. The state attorney is required to provide the Attorney General with written notification of

---

2. The Court subsequently adopted a revised version of rule 3.852 on an emergency basis following the Legislature's repeal of rule 3.852 in 1998. Amends. to Fla. Rules of Crim. Pro.—Rule 3.852 (Capital Postconviction Pub. Records Prod.) and Rule 3.993 (Related Forms), 723 So. 2d 163 (Fla. 1998). Following the repeal of rule 3.852 by the Legislature in 2000, the Court readopted rule 3.852 as it existed prior to the effective date of chapter 2000-3, Laws of Florida (2000). In re Rules Governing Capital Postconviction Actions, 763 So. 2d 273 (Fla. 2000). In 2013, the Legislature substantially reworded section 27.7081. See Ch. 2013-216, Laws of Fla.

3. The "records repository" is the location designated by the secretary of state pursuant to section 27.7081(3), Florida Statutes (2013), for archiving capital postconviction public records. Fla. R. Crim. P. 3.852(b)(3).

"the name and address of any person or agency that has public records pertinent to the case," Fla. R. Crim. P. 3.852(d)(2), while the defendant's counsel shall provide the Attorney General with written notification of "the name and address of any person or agency with information pertinent to the case which has not previously been provided to collateral counsel." Fla. R. Crim. P. 3.852(d)(3). Rule 3.852 requires that discovery of public records on behalf of capital postconviction defendants be directed to the trial court hearing the postconviction motion. In re Amends. to Fla. Rules of Crim. Pro.—Capital Postconviction Pub. Records Prod., 683 So. 2d at 475.

The procedure by which a capital postconviction defendant may obtain his or her own medical, psychological, or psychiatric records under rule 3.852 causes delay and is burdensome and inefficient. First, because such records are confidential, see § 456.057(7)(a), Fla. Stat. (2013),[4] prior to being sent to the

---

4. Section 456.057(7)(a) provides in pertinent part as follows:

Except as otherwise provided in this section and in s. 440.13(4)(c) [pertaining to worker's compensation], such [patient medical] records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient, or the patient's legal representative or other health care practitioners and providers involved in the patient's care or treatment, except upon written authorization from the patient. . . .

record repository, the records "must be separately contained, without being redacted, and sealed. The outside of the container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court." Fla. R. Crim. P. 3.852(f)(1).[5] Next, in order to actually obtain his or her own confidential records under rule 3.852, a motion must be brought on the defendant's behalf before the trial court. Upon the trial court's order, sealed containers subject to an inspection by the trial court shall be shipped to the clerk of court. Fla. R. Crim. P. 3.852(f)(2). The containers may be opened only for inspection by the trial court in camera, without ex parte communications. Id.

Pursuant to rule 3.852(e)(3), the Department of Corrections "shall copy, index, and deliver to the records repository all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome." Fla. R. Crim. P. 3.852(e)(3). In an effort to simplify the mechanism by which a capital postconviction defendant may obtain his or her own confidential medical,

---

5. Rule 3.852(f) applies to public records delivered to the records repository that are confidential or exempt from the requirements of section 119.07, Florida Statutes, or article I, section 24(a), Florida Constitution.

5

psychological, or psychiatric records from the Department of Corrections—records that are already required to be sent to the records repository—the Court amends rule 3.852 on its own motion to provide that the Department of Corrections shall provide a copy of the defendant's medical, psychological, and psychiatric records to the defendant's counsel of record.  This amendment is applicable to both the initial disclosure of records under subdivision (e)(3), and to the demand for additional records under subdivision (g)(2).

Accordingly, Florida Rule of Criminal Procedure 3.852 is hereby amended as reflected in the appendix to this opinion.  New language is indicated by underscoring.  The amendment shall become effective July 1, 2014, at 12:01 a.m.  Because the amendment was not published for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[6]

---

6. All comments must be filed with the Court on or before June 23, 2014, with a certificate of service verifying that a copy has been served on the Chair of the Capital Postconviction Proceedings Subcommittee, the Honorable Kevin M. Emas, Third District Court of Appeal, 2001 S.W. 117th Avenue, Miami, Florida 33175, emask@flcourts.org, and on the Office of State Court Administrator, Staff to the Subcommittee, Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, schneiderb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  The

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Rules of Criminal Procedure

---

Subcommittee Chair has until July 14, 2014 to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 3.852.     CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION**

**(a)-(d)     [No Change]**

**(e)  Action Upon Receipt of Notice of Mandate.**

(1)-(2)   [No Change]

(3)  Within 90 days after receipt of written notification of the mandate from the attorney general, the Department of Corrections shall copy, index, and deliver to the records repository all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome. In addition, the department shall provide a copy of the defendant's medical, psychological, and psychiatric records to the defendant's counsel of record. The department shall bear the costs. The secretary of the department shall provide written notification to the attorney general of compliance with this section certifying that, to the best of the secretary of the department's knowledge or belief, all such public records in the possession of the secretary of the department have been copied, indexed, and delivered to the records repository.

(4)-(5)     [No Change]

**(f)     [No Change]**

**(g)  Demand for Additional Public Records.**

(1)     [No Change]

(2)  Within 90 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency's knowledge and

8

belief that all additional public records have been delivered to the records repository or, if no additional public records are found, shall recertify that the public records previously delivered are complete.  To the extent that the additional public records are the defendant's Department of Corrections' medical, psychological, or psychiatric records, the department shall also provide a copy to the defendant's counsel of record.

        (3)    [No Change]

**(h)-(m)    [No Change]**

## Repeal

[No Change]

## Readoption

[No Change]