# Supreme Court of Florida

_____

No. SC13-2295
_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.852.**

[April 30, 2015]

PER CURIAM.

Previously, on its own motion, the Court amended Florida Rule of Criminal Procedure 3.852 to require the Florida Department of Corrections to provide a copy of a defendant's medical, psychological, or psychiatric records to the capital postconviction defendant's counsel of record when providing a copy of such records to the records repository as required by subdivisions (e)(3) and (g)(2) of rule 3.852.  In re Amends. to Fla. Rule of Crim. Pro. 3.852, 140 So. 3d 507 (Fla. 2014).  This amendment was necessary because the sole procedure by which a capital postconviction defendant could obtain his or her medical, psychological, or psychiatric records from the Department caused delay and was burdensome and

inefficient.[1]  Because the rule as amended had not been subject to public comment,

the Court provided for a comment period.  Following our amendment to rule 3.852,

the Florida Department of Corrections (DOC) filed a comment, to which the

Capital Postconviction Proceedings Subcommittee (Subcommittee) filed a

response.  After considering the comment and response, we further amend rule

3.852.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

Rule 3.852 is a discovery rule for public records production ancillary to

proceedings pursuant to rule 3.851.  Amends. to Fla. Rules of Crim. Pro. 3.852

(Capital Postconviction Pub. Records Prod.) & Rule 3.993 (Related Forms), 754

So. 2d 640, 643 (Fla. 1999).  Pursuant to rule 3.852(e)(3), the Department of

---

1. Prior to the Court's most recent amendment to rule 3.852, see In re Amends. to Fla. Rule of Crim. Pro. 3.852, 140 So. 3d 507, the only procedure by which a capital postconviction defendant could obtain his or her own medical, psychological, or psychiatric records under rule 3.852 was as follows.  First, because such records are confidential, see § 456.057(7)(a), Fla. Stat. (2014), prior to being sent to the record repository, the records "must be separately contained, without being redacted, and sealed.  The outside of the container must clearly identify that the public record is confidential or exempt and that the seal may not be broken without an order of the trial court."  Fla. R. Crim. P. 3.852(f)(1).  Next, in order to actually obtain his or her own confidential records under rule 3.852, a motion must be brought on the defendant's behalf before the trial court.  Upon the trial court's order, sealed containers subject to an inspection by the trial court shall be shipped to the clerk of court.  Fla. R. Crim. P. 3.852(f)(2).  The containers may be opened only for inspection by the trial court in camera, without ex parte communications.  Id.

Corrections "shall copy, index, and deliver to the records repository[2] all public records determined by the department to be relevant to the subject matter of a proceeding under rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome." Fla. R. Crim. P. 3.852(e)(3). To simplify the mechanism by which a capital postconviction defendant may obtain his or her own confidential medical, psychological, or psychiatric records from the Department of Corrections—records that are already required to be sent to the records repository—the Court amended rule 3.852 to provide that the Department of Corrections shall provide a copy of the defendant's medical, psychological, and psychiatric records to the defendant's counsel of record. In re Amends. to Fla. Rule of Crim. Pro. 3.852, 140 So. 3d at 509. This amendment was applicable to both the initial disclosure of records under subdivision (e)(3), and to the demand for additional records under subdivision (g)(2). Id.

Because the records at issue are confidential, see, e.g., §§ 456.057(7)(a), 945.10(1)(a), Fla. Stat. (2014), the DOC filed a comment expressing concern that the defendant's medical, psychological, and psychiatric records would be released

2. The "records repository" is the location designated by the secretary of state pursuant to section 27.7081(3), Florida Statutes (2014), for archiving capital postconviction public records. Fla. R. Crim. P. 3.852(b)(3).

3

to counsel of record without the defendant's consent or other proper authorization. The Subcommittee agreed with the DOC's comment. After considering the comment and response, we further amend rule 3.852 to provide for such disclosure to counsel of record upon the DOC's receipt of express consent by the defendant or pursuant to the authority of a court of competent jurisdiction. As suggested by the DOC, we also include a defendant's substance abuse records with those records subject to such disclosure. Because rule 3.852(g)(2) pertains to other agencies in addition to the DOC, we decline to remove the reference to the "Department of Corrections" from the rule as suggested by the DOC.

Accordingly, Florida Rule of Criminal Procedure 3.852 is hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring, and deleted language is struck-through. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
LEWIS, J., concurs in result.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Rules of Criminal Procedure

4

Samantha Lee Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida; Melanie L. Casper, Past Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida; John F. Harkness, Jr., Executive Director and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida; Kevin M. Emas, Chair, Capital Postconviction Proceedings Subcommittee, Miami, Florida; Bart Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Jennifer Alani Parker, General Counsel, Florida Department of Corrections, and Rana Marie Wallace, Assistant General Counsel, Florida Department of Corrections, Tallahassee, Florida,

Responding with Comments

**RULE 3.852.** **CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION**

**(a)-(d)** **[No Change]**

**(e) Action Upon Receipt of Notice of Mandate.**

(1)-(2) [No Change]

(3) Within 90 days after receipt of written notification of the mandate from the attorney general, the Department of Corrections shall copy, index, and deliver to the records repository all public records, in a current, nonproprietary technology format, determined by the department to be relevant to the subject matter of a proceeding under rule 3.851, unless such copying, indexing, and delivering would be unduly burdensome.  To the extent that the records determined by the department to be relevant to the subject matter of a proceeding under rule 3.851 are the defendant's medical, psychological, substance abuse, or psychiatric records, upon receipt of express consent by the defendant or pursuant to the authority of a court of competent jurisdiction~~In addition~~, the department shall provide a copy of the defendant's medical, psychological, substance abuse, and psychiatric records to the defendant's counsel of record.  The department shall bear the costs.  The secretary of the department shall provide written notification to the attorney general and the trial court of compliance with this section certifying that, to the best of the secretary of the department's knowledge or belief, all such public records in the possession of the secretary of the department have been copied, indexed, and delivered to the records repository.

(4)-(5) [No Change]

**(f)** **[No Change]**

**(g) Demand for Additional Public Records.**

(1) [No Change]

6

(2)  Within 90 days of receipt of the written demand, each person or agency notified under this subdivision shall deliver to the records repository any additional public records in the possession of the person or agency that pertain to the case and shall certify to the best of the person or agency's knowledge and belief that all additional public records have been delivered to the records repository or, if no additional public records are found, shall recertify that the public records previously delivered are complete.  To the extent that the additional public records are the defendant's Department of Corrections' medical, psychological, substance abuse, or psychiatric records, upon receipt of express consent by the defendant or pursuant to the authority of a court of competent jurisdiction, the department shall also provide a copy of the defendant's medical, psychological, substance abuse, and psychiatric records to the defendant's counsel of record. A copy of each person's or agency's certification shall be provided to the trial court.

(3)     [No Change]

**(h)-(m)     [No Change]**

# Repeal

[No Change]

# Readoption

[No Change]

7